No. 29,474.

F. P. ELMORE, *Appellee*, v. THE CONTINENTAL LIFE INSURANCE COMPANY et al., MABEL F. SPICKLER, as an Individual and as Guardian of Marjorie Mae Spickler, a Minor, *Appellants;* J. C. MILLER, Administrator, *Appellee.*

(291 Pac. 755.)

Opinion filed October 11, 1930.

*William B. Lowrance,* of Topeka, for the appellants.

*J. J. Schenck, C. P. Schenck* and *W. Glenn Hamilton,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, as the assignee of the insured named in a policy of life insurance, sued to recover the amount named in the policy. Mabel F. Spickler and Marjorie Mae Spickler were made parties defendant and claimed as beneficiaries. They asked that $6,000 be paid to Mabel F. Spickler as guardian of Marjorie Mae Spickler, a minor, and that $5,000 be paid to her personally. The insurance company paid the money into court to abide the order thereof. Judgment was rendered in favor of the plaintiff, and Mabel F. Spickler appeals for herself and as guardian of Marjorie Mae Spickler, a minor.

The policy was filed with the clerk of the district court, and contained the following provisions:

"CHANGE OF BENEFICIARY. The insured may at any time and from time to time, during the continuance of this policy, with the consent of the company,

subject to any assignment of this policy, change the beneficiary or beneficiaries hereunder by filing at the home office a written request on the company's form therefor, duly acknowledged, accompanied by this policy. Such change shall take effect only upon the indorsement of the same on this policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease. If any beneficiaries shall die before the insured, the interest of such beneficiary shall vest in the insured, unless otherwise stipulated herein.

"CONTROL OF POLICY. This policy is issued with the express understanding that the insured may, without the consent of the beneficiary, receive every benefit, exercise every right and enjoy every privilege conferred on the insured by this policy.

"PRIVILEGE OF EXCHANGE. This policy may be exchanged while no premium is in default or waived, for any other form of policy in use by the company at the time the policy is issued.

"ASSIGNMENT. Any assignment of this policy must be made in duplicate and both documents sent to the home office, one to be retained by the company and the other to be returned. The company assumes no responsibility for the validity of any assignment."

## The abstract recites that—

"This policy provided that the insured might receive a number of benefits and privileges, such as certain sums could be borrowed on the policy at certain times; that at the end of twenty years the insured if living could elect to take the face of the policy or exchange it for certain profit-sharing policies."

## The assignment of the policy was as follows:

"For value received I hereby assign, transfer, convey and set over to F. P. Elmore, Topeka, Kan., all my right, title and interest in and to policy number 82294, issued by the Continental Life Insurance Company, St. Louis, Mo., on the life of John C. Spickler, together with all benefits contained therein."

## The answer of Mabel F. Spickler, and Mabel F. Spickler as guardian of Marjorie Mae Spickler, a minor, contained the following:

"That on the 10th day of April, 1925, said life insurance company issued its certain life insurance upon the life of John C. Spickler, now deceased, in the sum of $11,000 in favor of and payable to the beneficiaries named therein, and alleged that the beneficiaries so named were as follows:

"'Make policy payable to Mabel F. Spickler, relationship, wife.'

"'Agrees to pay eleven thousand dollars, which is the face amount of this policy, to ............ as provided in the indorsement attached hereto ............ immediately upon receipt of due proof of the death of John C. Spickler, the insured.'

"The indorsement attached to the policy reads as follows:

"'In accordance with the request of the insured the proceeds of this policy as a death claim shall be paid in the following manner: The sum of $4,000 shall be set aside as an educational fund for Marjorie Mae, daughter of the insured, to be paid to her in annual installments commencing with her eight-

eenth birthday ................; an additional sum of $2,000 shall be set aside and paid to said daughter of the insured when she attains the age of twenty-five years.

"'The sum of $2,500 shall be paid in one sum to ................, niece of the insured. The sum of $2,500 shall be paid in one sum to ................, nephew of the insured.'"

The petition alleged that, for a valuable consideration, the policy had been assigned by John C. Spickler to the plaintiff. The evidence disclosed that the assignment of the policy had been made to secure the payment of a debt from John C. Spickler to the plaintiff, which, at the time judgment was rendered, amounted to $11,000.

The Spicklers demurred to the petition of the plaintiff, moved for judgment on the pleadings, and objected to the introduction of any evidence under the petition.

1. This case is controlled by *Antrim v. International Life Ins. Co.*, 128 Kan. 65, 275 Pac. 1084, where this court said:

"Where husband and wife make separate applications to the same company at the same time for the same amount of life insurance and each names the other as the beneficiary, and the company issues one policy naming both of them as insured and the survivor of.them as beneficiary, and the policy contains many provisions as to the rights and privileges of the insured, among which is the change of beneficiary, it is not a joint policy but one on the life of each, depending upon different contingencies, and each is an express party to the contract." (Syl. ¶ 1.)

"Where an insured in a life insurance policy has by the terms of the policy an absolute right to change the beneficiary upon request, the original beneficiary, as such, has at no time prior to the death of the insured a vested interest in such policy." (Syl. ¶ 2.)

"If a life insurance policy of the kind described in the first paragraph of this syllabus contains a provision granting the right to the insured to make a loan on the policy and assign it as security, either husband or wife can make a valid loan agreement and assignment of the policy without the consent or approval of the other." (Syl. ¶ 3.)

*Shawnee State Bank v. Royal Union Life Ins. Co.*, 127 Kan. 456, 274 Pac. 132, and its companion case, *Shawnee State Bank v. Continental Life Insurance Co. of St. Louis*, involved questions very similar to those presented in the present action. The policies there provided that they should be payable to the estate of the insured, John C. Spickler. That is the only difference between those cases and the present one.

2. The appellants argue that the assignment of the policy was

never delivered to the insurance company in the manner required by the terms of the policy, and for that reason the assignment is not good as to the beneficiaries. The policy required that the assignment be made in duplicate and both copies be sent to the home office. It was not necessary that the assignment be approved by the company. The assignment in the present case was delivered in September, 1926, to Roscoe C. Ellis, the general agent of the company for much of the state of Kansas. The assignment was received by Mr. Ellis before the death of John C. Spickler, but was not sent to the company until after his death. Ellis held the assignment awaiting advices concerning it from the company. The company is not questioning the validity of the assignment. It was effective from and after its execution. Filing with the company was for its protection, not for the protection of the beneficiaries. The money due on the policy has been paid into court. This litigation is between the assignee of the policy and the beneficiaries named in it. The insured assigned the policy. Until his death the beneficiaries could not question the assignment. If the assignment was of sufficient validity to transfer the interest of the insured in the policy, the beneficiaries, under the terms of the policy, have no right to question the validity of the assignment. The policy is of such a nature that the insured had absolute control over it until the time of his death, so far as the beneficiaries are concerned. At that time he had done what he could to assign the policy to the plaintiff. The assignment was made for a valuable consideration. If there was any imperfection in it, its completion could have been compelled. The delay in bringing the assignment to the home office of the company was that of the company, not of the insured nor of the assignee. The beneficiaries named in the policy cannot take advantage of that delay. No one but the company can complain of irregularities in the assignment.

The judgment is affirmed.