[No. 26213.   Department One.   September 9, 1936.]

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, *Plaintiff*, v. BANK OF CALIFORNIA, N. A., *as Executor, et al., Appellant,* MADELINE M. FLICK *et al., Respondents.*[1]

*Allen, Froude & Hilen,* for appellant.

*Flick & O'Neill,* for respondents.

TOLMAN, J.—The appellant questions no fact found by the trial court, but assigns errors upon the conclusions drawn from the admitted facts.

Edwin H. Flick in his lifetime procured a policy of insurance upon his life to be written by the plaintiff,

[1] Reported in 60 P. (2d) 675.

which was continued in force until the death of Mr. Flick. Some time prior to his death, Mr. Flick assigned, or attempted to assign, this policy to Florence E. Gilson as security for loans and advances made by her to him which, at the time of Mr. Flick's death, exceeded the amount which then became payable under the life insurance policy. The assignment was not reported to the insurance company, and it knew nothing of such an assignment until after the death of Mr. Flick.

Following Mr. Flick's death, conflicting claims to the proceeds of the policy were made on behalf of the beneficiaries named in the policy and by Mrs. Gilson and, after her death which soon followed, by the appellant as executor of her estate. The insurance company, being unwilling to assume the risk of paying either, began this action by interpleading the parties, and it now has no interest in the results.

From the terms of the policy and the instruments which are a part of it, the trial court drew the conclusion that Mr. Flick, the insured, had no right or power to pledge or assign the policy or its proceeds without the consent of the beneficiaries, and that, therefore, no interest therein passed to Mrs. Gilson. A judgment followed, which, by its terms, excluded the Bank of California, N. A., as executor of Mrs. Gilson's estate, from any interest in the policy or its proceeds, and which directed the insurance company to pay the proceeds of the policy to the beneficiaries named in the policy. The Bank of California, N. A., as executor, has appealed.

In addition to the facts already stated, it is necessary to set forth the terms of the application and the amended application made by the insured; the special settlement provision written into the policy by the insurer, and perhaps certain other of the provisions

of the policy, all of which are pertinent parts of the contract of insurance which must be construed in arriving at a decision.

The application signed by the insured is dated November 5, 1928. Among other things, it contains the following questions and answers:

"(17) How do you wish dividends to be used?

A. *Paid in cash, or*
B. *Applied in reduction of premiums, or*
C. To purchase paid-up additions, reserving to myself the right to surrender for cash, or

(Strike out methods not desired)

D. *Left with company to accumulate at interest, subject to my order."*

[A, B and D in italics indicates they were stricken.]

"(19) To whom is the amount of the insurance to be paid in case of your death?
Give Christian name and relationship.
To my............................See Amendment."............................

"(20) Which one of the following provisions do you desire as to a change or successive change of the beneficiary with the consent of the Company? (Strike out provisions not desired.)

A. *The right to change to any beneficiary.*
B. The right to change only to a relative by blood or marriage, or to a dependent, but not to myself or my estate or personal representatives.
C. *Without right to change except with the consent of any beneficiary."*

[A and C in italics indicates they were stricken.]

The amended application is dated November 19, 1928, was signed by the insured, and contains the following:

"Answer to question No. 19, Part I, should read:

. . . . . . . . . . . . . . .

"The $5,000.00 policy to be payable as follows: If the policy shall mature as a death claim, the proceeds shall be divided into equal shares of such a number that one share may be and shall be apportioned to each of my children, June M. Flick (born March 3, 1914) and Lambert H. Flick (born February 5, 1918), who may then be living, but if neither of said children shall then be living, the proceeds shall be paid forthwith to my wife, Madeline S. Flick, if living, otherwise to my executors or administrators.

"Any share apportioned at any time, in accordance with the provisions hereof, to either of my said children shall be paid forthwith to such child if he or she has attained the age of twenty-five years, otherwise said share shall be retained under Option 'D,' and interest thereon paid monthly until such child attains that age, when said share shall be paid forthwith to such child; said interest installments under Option 'D' to be paid to my said wife, provided both she and such child shall be living as said installments respectively fall due, otherwise to such child, provided such child shall be living as said installments respectively fall due.

"Upon the death of either of my said children subsequent to said maturity and prior to attainment of age twenty-five, such deceased child's share of the proceeds shall be apportioned to my other child above named, if living, otherwise paid forthwith to my said wife, if living, otherwise to my executors or administrators."

The amended application was approved and acted upon by the insurer, as is shown by the special settlement agreement attached to and made a part of the policy which we now quote:

"If this policy shall mature as a death claim, the proceeds shall be divided into equal shares of such a number that one share may be and shall be apportioned to each of the insured's children, June M. Flick (born March 3, 1914), and Lambert H. Flick (born

February 5, 1918), who may then be living, but if neither of said children shall then be living, the proceeds shall be paid forthwith to the insured's wife, Madeline S. Flick, if living, otherwise to the executors or administrators of the insured.

"Any share apportioned at any time, in accordance with the provisions hereof, to either of the said children shall be paid forthwith to such child if he or she has attained the age of twenty-five years, otherwise said share shall be retained under Option 'D' herein, and interest thereon paid monthly until such child attains that age, when said share shall be paid forthwith to such child; said interest installments under Option 'D' to be paid to the said wife, provided both she and such child shall be living as said installments respectively fall due, otherwise to such child, provided such child shall be living as said installments respectively fall due.

"Upon the death of either of the said children subsequent to said maturity and prior to attainment of age twenty-five, such deceased child's share of the proceeds shall be apportioned to the other child above named, if living, otherwise paid forthwith to the said wife, if living, otherwise to the executors or administrators of the insured.　　　　　　S. J. Johnson,
Secretary.''

The policy uses language in a number of places indicating that it may be assigned, and contains nothing limiting the right to assign it except the following:

"The Company will not recognize any assignment of this policy until the original assignment, or a duplicate, or a certified copy thereof, shall be filed at the Company's Home Office, nor will it assume responsibility for the validity of an assignment.''

This clause is, of course, meant for the protection of the insurer and may be waived by it. So, though there was no compliance with this provision, no one except the insurer can take advantage of that fact, and the insurer has not seen fit to do so.

The legal effect of the language of this policy as to its assignability does not differ from the language of the policy held to be assignable in *Schade v. Western Union Life Ins. Co.*, 125 Wash. 200, 215 Pac. 521.

It seems to be the general rule that, when the policy, by its language, recognizes the right of the insured to assign it, and when the insured may change the beneficiary, one to whom it has been assigned as security for a debt will be held to have a prior right to so much of the proceeds as may be required to discharge the debt secured. *Elmore v. Continental Life Ins. Co.*, 131 Kan. 335, 291 Pac. 755; *Schade v. Western Union Life Ins. Co., supra; Seattle Ass'n of Credit Men v. Bank of California*, 177 Wash. 130, 30 P. (2d) 972; *Antley v. New York Life Ins. Co.*, 139 S. C. 23, 137 S. E. 199, 60 A. L. R. 184; *Potter v. Northwestern Mut. Life Ins. Co.*, 216 Iowa 799, 247 N. W. 669.

It is a universally recognized rule that, where the right to change the beneficiary is reserved to the insured, no beneficiary acquires a vested interest in the policy. *Schade v. Western Union Life Ins. Co., supra; Toole v. National Life Ins. Co.*, 169 Wash. 627, 14 P. (2d) 468; *Seattle Ass'n of Credit Men v. Bank of California, supra.*

In these modern, complex times, the right of every man to use his accumulations to pay his debts, especially when he has pledged them to obtain liquid capital, ought not to be limited or abridged, except only in those instances where, by his own act, he has barred his own right of control by creating an irrevocable vested interest in another or others. Life insurance, during the life of the insured, forms a reserve to be drawn upon in times of stress, and many have improved their fortunes and bettered the condition of their dependents by drawing liquid capital from that

source to enable them to maintain or renew their business activities.

All authorities agree that, when the policy names a beneficiary and gives the insured no right of change, the interest of such a beneficiary is a vested one. The rule must work both ways, and it must be equally true that when, by the terms of the policy, the insured may wipe out the expectancy of the named beneficiary by naming another, there can be no vested interest in the named beneficiary.

Applying that reasoning to the facts of this case, it would seem inevitably to follow that, if the insured had at any time, after the issuance of the policy, named as beneficiary any other relative by blood or marriage, or any one then dependent upon him, then immediately the expectancy of those previously so named would have ended completely. Therefore, the named beneficiaries never had a vested interest, and their expectancy was no bar to the right of the assured to assign the policy. *Seattle Ass'n of Credit Men v. Bank of California, supra.*

Our decision might well rest upon what has been said, but the respondent contends that, under the terms of the applications, the insured could not make himself or his estate the beneficiary of the policy, and as a consequence he might not assign the policy. We cannot accept the premise or the conclusion which is drawn from it.

It is true that, in the application, the insured struck out the provision giving him the right to change to any beneficiary and left in the application the limited provision which we have quoted, but, if that was a contract or an offer to contract, for whose benefit was it made? Not for the benefit of the insurance company, for it was not interested in who should be the beneficiary, and, in any event, it has not here asserted any

right or interest in that question; not for the benefit of the named beneficiaries, because they had an expectancy only, and their expectancy would be extinguished by any change to a relative or a dependent or any other; and not for the benefit of some unknown and now unascertainable relative or dependent, because none such was ever named as a beneficiary, none ever had so much as an expectancy, and certainly none ever had a vested interest.

We have studied innumerable authorities, not necessary to be here cited, and have found none which holds a policy to be nonassignable when there is no vested interest in a beneficiary, and none which holds that a named beneficiary has a vested interest when the policy permits the insured to terminate the interest of such a beneficiary.

We conclude that, since the insured could change the beneficiary within the class described in the application, there was no vested right nor interest in the named beneficiaries, and they, having no vested right, cannot contest or dispute the right of the insured to assign the policy.

The judgment appealed from is erroneous. Reversed, with directions to enter a judgment giving due effect to the conclusions here expressed.

MITCHELL, STEINERT, and GERAGHTY, JJ., concur.