[No. 33523. Department Two. April 19, 1956.]

WILLIAM V. COWAN, as Administrator, Appellant, v. LENORA B. SULLIVAN et al, Respondents.[1]

Wm. V. Cowan, pro se.

Joseph A. Moschetto, for respondent Sullivan.

WEAVER, J.—August 22, 1955, the trial court sustained a demurrer to plaintiff's complaint. Plaintiff appeals from an order dismissing his action with prejudice.

[1]Reported in 296 P. (2d) 317.

Plaintiff is the administrator of the estate of Elton R. Sullivan, deceased. On behalf of the estate, he seeks to recover one half of the proceeds of a life insurance policy upon the life of decedent. His complaint alleges the following facts:

Defendant Lenora B. Sullivan is the former wife of decedent. In June, 1954 (the exact date is not alleged), the superior court granted a divorce to both of them. At that time, the court divided, between the parties, all property "which was brought before the court."

Decedent was killed in an automobile accident July 11, 1954. Defendant was named the beneficiary in a policy of insurance on decedent's life. No disposition of this policy was made in the divorce proceedings.

The crux of plaintiff's claimed cause of action is found in paragraph No. VI, which reads:

"That during the last few years of their said marriage, defendant Lenora B. Sullivan was active in assisting her said husband in carrying on his business of building construction, kept his books, and had charge of most all of his business and personal papers. That when they separated a few months prior to said divorce, she retained in her possession most all of said papers and did not produce the same until said divorce case was about ready for trial. That through some inadvertence, oversight or otherwise, she failed to produce the above mentioned policy under which she was beneficiary, and it was not mentioned in the negotiations of the settlement between the parties carried on prior to the divorce, which negotiations failed to arrange a definite settlement between them. That neither the attorney for the plaintiff in said case, nor the deceased defendant's attorney, knew of said insurance policy during said trial, and consequently the same was not submitted to the court during said trial, and the court not having any cognizance of it, made no disposition thereof either in its Findings of Fact and Conclusions of Law or in the final decree."

■ We agree with plaintiff's major premise: that, since no disposition was made of the policy in the divorce proceedings, decedent and defendant became tenants in common of this former community asset. However, we cannot agree with the conclusion that, although the beneficiary had not

been changed, decedent's personal representative is entitled to one half the proceeds of the policy upon the death of the insured.

In *United Benefit Life Ins. Co. v. Price*, 46 Wn. (2d) 587, 590, 283 P. (2d) 119 (1955), this court said:

"At the outset, it should be stated that, in the absence of a property settlement agreement or a disposition of the property of the parties in a divorce decree, the weight of authority is that when a husband names his wife as the beneficiary in a life insurance policy on his own life, and thereafter they are divorced but no change is made in the beneficiary, *the fact of divorce does not in itself affect the right of the named beneficiary to the proceeds of the policy. Humphrey v. Mutual Life Ins. Co.,* (1915) 86 Wash. 672, 151 Pac. 100. See, also, annotation in 52 A. L. R. 386." (Italics ours.)

This precise question was before us in the recent case of *Northwestern Life Ins. Co. v. Perrigo*, 47 Wn. (2d) 291, 287 P. (2d) 334 (1955). Two years had elapsed between the divorce and death of the insured. We held the beneficiary was entitled to the proceeds of the policy.

Although decedent had the right to dispose of his one-half interest in the policy by changing the beneficiary of his interest therein, the complaint before us alleges nothing from which it may be inferred that (a) decedent manifested an intent to change or did anything which would have resulted in a change of beneficiary; or (b) that the former wife had, in any way, waived, released, or been deprived of her rights as beneficiary. In the absence of such allegations, the difference in time between the divorce and the death of the insured is not sufficient ground on which to distinguish the *Perrigo* case, *supra*, from the instant case.

The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.