[No. 35598.   Department One.   March 23, 1961.]

OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, *Plaintiff*, v. WILLIAM J. GANNON, *Respondent*, FLORENCE SHELLEY, *Appellant*.[1]

*Warren Hardy*, for appellant.

*Whitmore, Vinton & Powers*, for respondent.

ROSELLINI, J.—This is an interpleader action brought by the plaintiff to determine the conflicting claims of the defendants to the proceeds of two life insurance policies, both of which were group policies obtained by reason of the membership of the deceased, Walter W. Gannon, in an affiliate of the Teamsters Union. The respondent claims the proceeds of the policies as the named beneficiary. The appellant was previously the named beneficiary and claimed in the trial

[1] Reported in 360 P. (2d) 350.

court that the change of beneficiary had been brought about through undue influence and also claimed that the deceased had become indebted to her and had agreed not to change the beneficiary until the debt was paid. She alleged that the debt had not been paid at the time of Walter W. Gannon's death. At a pretrial hearing, it was stipulated that there had been no assignment of the policies to the appellant.

The trial court found that there was no undue influence and no satisfactory evidence of a contract not to change the beneficiary. Consequently, the court held that the respondent, as the named beneficiary, was entitled to the proceeds.

On appeal, it is conceded that the allegation of undue influence was not proved. The appellant rests her case upon her contention that the evidence was sufficient to establish a contract, under the terms of which Walter W. Gannon had agreed not to change the beneficiary until his debts to her were paid.

■ There was no oral testimony concerning the making of such a contract, and the only evidence bearing upon the subject was a letter, dated Thursday, September 5th. The year was not designated. The letter reads:

"Dear Florence,

"This is the last time I ever intend to write or bother you at all except when I startb leaving money for you in a enevelope when I go back to work, which is a week from Tuesday, I went to Bill to see about getting some money for my Insurance and also my Rent and I also 1500 Dollars on one cab payment and was told that the only way he would help me was to turn cab and insurance over to him, but he would let me operate it, nice of him, but I would starve before I would do that, If you could see your way to help me until I go to work in a week and half, it would take about 100,00 Dollars, I would gladly sign the cab over to you as security, until you are paid in full also you are still my beneficiary on my insurance policys until you are paid in full, that . . . Story as it stands today, Please show me the courtesy of an answer.

(signed) Wallie Gannon"

Assuming that, as the appellant contends, this letter was admissible for all purposes, it does not establish the existence of a contract. At most, it is an offer to assign the title to the writer's taxicab to the appellant and to retain her as the beneficiary of his insurance policies until she was paid in full if she would loan him one hundred dollars.

There was no evidence that the appellant accepted this offer and loaned him the one hundred dollars. The taxicab was not "signed over" to her. She insisted that the letter was delivered to her on September 5, 1958, which was a Friday and was also the day Walter W. Gannon entered the hospital. He died September 16, 1958, the day that he signed the forms changing his beneficiary. September 5, 1957, was a Thursday, and would appear to be the correct date of the letter.

The appellant stated that this was the last time she had given him any money, but she did not say how much she gave him. She did not testify to any oral agreement on his part not to change the beneficiary until this money was paid.

The burden was upon the appellant to prove that she accepted the offer contained in the letter according to its terms. Whether she did so or not was a matter within her own knowledge. If she had in fact loaned the one hundred dollars which was requested, or if a different contract had been entered into between the parties, she had an opportunity to so testify. Since she did not do so, the trial court could only conclude, upon the record, that there was no contract between the parties.

■ It is well established that, when a policy, by its language, recognizes the right of the insured to change the beneficiary, no beneficiary acquires a vested interest in the policy. *Massachusetts Mut. Life Ins. Co. v. Bank of California*, 187 Wash. 565, 60 P. (2d) 675. The insured, of course, may assign the policy if it is assignable, or he may contract not to change the beneficiary; but the proof in this case would not support a finding that he did either of these things. In fact, as we have said, the appellant stipulated that there was no assignment.

■ She now contends, however, that there was evidence

of an equitable assignment. Insofar as the record reveals this theory was not urged in the trial court. An equitable assignment requires a parol assignment of the policy accompanied by delivery of the instrument. *Sundstrom v. Sundstrom,* 15 Wn. (2d) 103, 129 P. (2d) 783; *Seattle Ass'n of Credit Men v. Bank of California,* 177 Wash. 130, 30 P. (2d) 972. There was no evidence of a parol assignment or of a delivery. This contention is thus without merit.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.

May 11, 1961. Petition for rehearing denied.