[No. 37054. Department Two. July 9, 1964.]

MARY IRENE PITTMAN, *Appellant,* v. RALPH EARNEST PITTMAN, *Respondent.**

*Guttormsen, Scholfield, Willits & Ager,* for appellant.

*Alexander L. Cain,* for respondent.

DONWORTH, J.—The issue raised here on appeal is whether certain property was disposed of by a divorce decree entered by the Superior Court for Clark County in 1961.

*Reported in 393 P. (2d) 957.

Appellant, in the present proceeding, claims the trial court erred in dismissing with prejudice her claim for declaratory relief regarding her interest in the Washington State Employees' Retirement Fund allegedly created by contributions made from respondent's community pay as a state employee earned during the last 9 years of their marriage. She contends that the decree granting her a divorce from respondent, entered by the Superior Court for Clark County in 1961, did not dispose of the fund, and that the parties are tenants in common therein.

In 1962, appellant petitioned the Superior Court for King County to declare her former husband, respondent, to be in contempt for failure to make support payments for their three sons in accordance with the provisions of the original decree. He cross petitioned for modification of the divorce decree eliminating entirely the support provision. Appellant counterclaimed for enforcement of the original decree. At the commencement of the hearing, appellant sought to amend her counterclaim. Her purpose was to have the trial court declare her to be the owner of a one-half interest in the fund, now in the hands of the state retirement board. This fund was alleged by appellant to amount to approximately $2,700, which was not before the divorce court nor covered by the original divorce decree.

The trial court denied appellant's motion to amend her counterclaim holding the original decree was res judicata as to that issue.

Appellant then moved for a new trial on the basis that the court committed an error in law when it dismissed her proposed amendment with prejudice.

The trial court entered an order denying the motion for a new trial, stating that the court adhered to its previous view that the motion to amend should be denied because:

" . . . the claim therein stated is barred from assertion by the rule and doctrine of *res judicata* since the community refund rights could have been brought before the Clark County Superior Court for disposition in the original divorce action by either party. No concealment or fraud by the husband has been alleged, and both parties presumably were on an equal footing to know about community funds

paid to the retirement system from the husband's salary . . ."

The only provision of the divorce decree which the trial court considered as disposing of the fund was the following:

"11. The parties are each awarded the respective household furnishings and tangible personal properties that each have now in their possession."

We do not think this provision could reasonably be interpreted as including the contributions to the state retirement fund, because the amount standing to the husband's credit on the books of the state retirement board was not tangible personal property within the meaning of the quoted provision of the decree. Nor was the fund in the possession of either of the spouses at the time of the divorce. Hence the fund was not disposed of by the divorce decree.

■ The rule is well settled that property of the spouses not disposed of by a divorce decree vests equally in the parties, who are tenants in common. *Cowan v. Sullivan,* 48 Wn. (2d) 680, 296 P. (2d) 317 (1956); *Olsen v. Roberts,* 42 Wn. (2d) 862, 259 P. (2d) 418 (1953); and *Sears v. Rusden,* 39 Wn. (2d) 412, 235 P. (2d) 819 (1951).

■ Amendment of pleadings is within the discretion of the trial court, but a party should be allowed to amend freely as long as the opposing party is not prejudiced thereby. While leave to amend may have been denied appellant for various reasons, we think the trial court erred in denying appellant's motion by entering an order of dismissal with prejudice. Appellant was thereby prevented from raising an issue which had not yet been considered by a court. The issue was not res judicata because the alleged fund was not before the divorce court and could not have been disposed of in the original divorce decree.

Appellant's action was proper in seeking declaratory relief as to the fund. Her interest as a tenant in common in the fund held by the retirement board is not subject to the ordinary judicial process, such as partition, according to RCW 41.40.380. The trial court, in a declaratory action, would not be creating a right in the fund, but would only

be declaring appellant's interest therein if it should find that community funds were used to make respondent's contributions. As provided in RCW chapter 41.40, payment of the money in the fund depends generally on the happening of one of three possible events, to wit, termination of employment, retirement, or death of a state employee.

We are not called upon to decide what form of relief should be accorded appellant in the event the trial court should find that she has an interest as a tenant in common in the payments made to the retirement board through deductions from respondent's pay during the period of the marriage of the parties. That is a matter to be decided by the trial court after hearing the evidence produced by the parties upon the trial of this declaratory judgment proceeding.

The judgment of the trial court dismissing appellant's claim with prejudice is reversed and the cause remanded for further consideration of the claim consistent with this opinion.

It is so ordered.

OTT, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.