[No. 42290. En Banc. October 26, 1972.]

MAYMIE A. MOLLETT, *Appellant,* v. UNITED BENEFIT LIFE INSURANCE COMPANY, *Respondent.*

*Paul A. Bitar* (*B. Rolf Espedal,* of counsel), for appellant.

*Parker & Parker,* by *Lester T. Parker,* for respondent.

NEILL, J.—Plaintiff, as putative beneficiary, claims the proceeds of an insurance policy on the life of her former husband. The insured and plaintiff were divorced but the policy was not awarded to either party in the divorce decree. The insured husband had expressly waived his right to change the beneficiary, but in contravention of such waiver and failure to reserve the right to change beneficiaries, later executed and filed with defendant insurer a change of beneficiary designating his estate as beneficiary. Defendant paid the policy proceeds to the executrix of the insured's estate.

The trial court granted summary judgment for plaintiff for the entire policy proceeds. On appeal the Court of Appeals reversed by a divided court, holding that plaintiff and the estate were each entitled to one-half of the proceeds as tenants in common. Our review is under CAROA 50(e) as a matter of appeal. We affirm the trial court and reverse the Court of Appeals.

In 1949 defendant issued a "mortgage protection" policy insuring the life of Rolfe I. Mollett. The beneficiary designation was: "Florence S. Heikle, Mortgagee, as her interest may appear, the balance, if any, to Maymie A. Mollett,

wife." In 1952 the mortgagee beneficiary was changed,[1] but Mrs. Mollett continued as the remainder beneficiary. The 1952 change of beneficiary endorsement stated: "The insured does not reserve the right to further change the beneficiary." By terms of the insurance policy, if the insured does not reserve the right to change the beneficiary, he may not do so during the beneficiary's lifetime. Under the rules of the defendant company, no change of beneficiary is to be made in such situations without that beneficiary's written consent.

On three subsequent occasions, Mr. Mollett made purported changes of beneficiary. None of these were made with the express or written consent of the beneficiaries named in the 1952 endorsement. The last change, in 1957, removed Mrs. Mollett as a remainder beneficiary and substituted "estate of the insured." Four months later, the Molletts were divorced.

The divorce decree made a specific property division, but the insurance policy was not mentioned or disposed of therein. From the date of the divorce until his death in October of 1962, Mr. Mollett continued to pay the premiums on the policy.

The majority opinion of the Court of Appeals concluded that the community property rights of the insured and plaintiff conflicted with the insurance contract rights of plaintiff, stating that it was a reasonable assumption that the policy was primarily intended as security for community creditors, and further that irrespective of the beneficiary designation, the divorce court could have awarded the policy to the husband had the court known about it. Chief Judge Petrie dissented on the ground that Mrs. Mollett had acquired a vested interest in the policy proceeds by reason of the restrictive endorsement, which interest had never been divested.

---

[1] The creditor beneficiaries, the estate of the insured, and the insured's second wife were originally party defendants, but apparently were dismissed during trial as the judgment and appeal relate only to defendant insurance company.

The conflict between rules of community property and contract law arises in this case only if it is determined that the 1952 designation of irrevocable beneficiaries was in contravention of the rights of the community. The Court of Appeals majority adopted this premise, reasoning that the main purpose of the policy was to secure community creditors, and that it is, therefore, reasonable to assume that the restrictive endorsement of 1952 was intended only as an inducement to the creditor beneficiaries rather than to vest a right in plaintiff.

Whatever the "main purpose" of the policy as to the creditor beneficiaries, the critical factor in the case at bench is that the insured did in fact include a remainder beneficiary, Mrs. Mollett. Assuming that the 1952 change of beneficiaries, as it related to the creditor beneficiaries, was intended as an inducement to community creditors, this neither explains nor affects the restrictive endorsement as it relates to the remainder beneficiary. In this respect, it is important to note that, had the insured wished to retain the power to change the remainder beneficiary, he could have done so in the 1952 endorsement.

 We have hitherto recognized a fundamental distinction between insurance policies wherein the right to change the beneficiary is reserved and those in which the right is not reserved. In the first of these situations, no beneficiary acquires a vested property interest in the policy. *E.g., Occidental Life Ins. Co. v. Gannon,* 57 Wn.2d 868, 870, 360 P.2d 350 (1961); *Massachusetts Mut. Life Ins. Co. v. Bank of Cal.,* 187 Wash. 565, 60 P.2d 675 (1936). In such a case a spouse named as a beneficiary does not thereby obtain a property right. However, a community property interest accrues to the spouse if the policy is paid for with community funds. *In re Estate of Towey,* 22 Wn.2d 212, 215-16, 155 P.2d 273 (1945); *Occidental Life Ins. Co. v. Powers,* 192 Wash. 475, 74 P.2d 27, 114 A.L.R. 531 (1937). And a subsequent divorce of the parties with no disposition of the policy in the divorce decree results in the parties

becoming tenants in common of the policy. *Stokes v. Mc-Dowell,* 70 Wn.2d 694, 424 P.2d 910 (1967); *Cowan v. Sullivan,* 48 Wn.2d 680, 296 P.2d 317 (1956).

Where, as here, a spouse-beneficiary is designated irrevocably, different rights and results obtain. It is the established rule in this state that "when the policy names a beneficiary and gives the insured no right of change, the interest of such a beneficiary is a vested one." *Massachusetts Mut. Life Ins. Co. v. Bank of Cal., supra* at 571. *See also In re Estate of Heilbron,* 14 Wash. 536, 45 P. 153 (1896). *Cf. In re Estate of Towey, supra; Toole v. National Life Ins. Co.,* 169 Wash. 627, 635, 14 P.2d 468 (1932) (cases involving policies wherein the right to change beneficiaries had been expressly reserved). The conclusion that a vested interest arises in the beneficiary is even stronger in the case before us, where the right to change beneficiaries is not merely unreserved, but expressly waived. There being no pertinent evidence of a contrary intent of the parties, we conclude that the established rule applies and that Mrs. Mollett obtained a vested interest as an irrevocable remainder beneficiary under the 1952 endorsement.

This vested interest is in the nature of a property right. *See Toulouse v. New York Life Ins. Co.,* 40 Wn.2d 538, 544, 245 P.2d 205 (1952). Whether the occasion of Mrs. Mollett's vested property rights as a remainder beneficiary is to be regarded as a matter of contract or as one of gift, it must be presumed that Mr. Mollett intended to do precisely that which he expressly did by the 1952 endorsement, *viz.*: to endow Mrs. Mollett with the vested rights of an irrevocable remainder beneficiary. *See Findley v. Findley,* 193 Wash. 41, 74 P.2d 490 (1937); *In re Estate of Madsen,* 48 Wn.2d 675, 296 P.2d 518 (1956); *State ex rel. Van Moss v. Sailors,* 180 Wash. 269, 39 P.2d 397 (1934). This vested right was irrevocable without her consent. As we have noted, that consent was never given.

We see no conflict between the principles of insurance law above observed and rights of spouses under our com-

munity property law. Upon dissolution of the community by the 1958 divorce decree, the insurance policy became the property of the former husband and wife as tenants in common. There being no community remaining, there is no community property before us. Rather, the asset was owned equally by plaintiff and her former husband. Plaintiff is clearly entitled to her one-half of the policy proceeds as owner. As to the other one-half, the insured former husband had, by the 1952 endorsement, irrevocably vested in his then wife the right to his one-half of the policy proceeds.

However, defendant asks that the 1958 divorce decree be now amended to comport with a conclusion of law entered in the divorce action reading

> that all remaining real property and personal property of the parties should be awarded to plaintiff as his sole and separate property; that plaintiff should be required to pay all of the indebtedness of the parties owing at the time of the trial of this action with the exception of the balance owing on the premises at 1018 K Street to Aberdeen Federal Savings and Loan Association, which defendant should pay. That plaintiff should hold defendant harmless from payment of all other community indebtedness owing at the time of the trial of this action.

Defendant cites CR 60 and *In re Estate of Kramer*, 49 Wn.2d 829, 307 P.2d 274 (1957), in support of its contention. Defendant also contends that plaintiff is estopped from making her claim. However, we agree with the answers given by the Court of Appeals herein:

> We do not think reformation of the divorce decree is possible at this time. The decree obviously made no disposition of the policy, nor was it mentioned. After Rolfe's death, the subject matter of that action ceased to exist. *Crockett v. Crockett*, 27 Wn.2d 877, 181 P.2d 180 (1947); *Jones v. Minc*, 77 Wn.2d 381, 462 P.2d 927 (1969).
>
> We are also not persuaded that an issue of fact exists on a theory of equitable estoppel. Both parties were equally to blame for the failure to effectively distribute the policy in the decree.

*Mollett v. United Benefit Life Ins. Co.,* 5 Wn. App. 845, 848, 491 P.2d 664 (1971).

The judgment of the trial court is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, STAFFORD, WRIGHT, and UTTER, JJ., concur.