[No. 18411.   Department One.   April 1, 1924.]

ANNIE YOUNG, *Appellant,* v. JOHN P. O'DONNELL *et al.,*
*Respondents.*[1]

WILLS (11)—DEEDS—ESTATES CREATED—TESTAMENTARY CHARAC-
TER OF INSTRUMENT.  A deed from an old man to his son is of a
testamentary character and conveys no present interest, although in
consideration of caring for the grantor until his death, where it
provides that it is to take effect only after the death of the grantor,
that he reserves absolute dominion and control during his life, and
that it is to be null and void in case the grantee dies before the
grantor; especially where he subsequently conveyed the same prop-
erty to his daughter, showing that he had not intended to convey
a present interest.

Appeal from a judgment of the superior court for
Clarke county, Simpson, J., entered July 12, 1923, upon
findings in favor of the defendants, in an action of
ejectment, tried to the court.   Reversed.

*Miller, Wilkinson & Miller,* for appellant.

*Yates & Yates,* for respondents.

HOLCOMB, J.—Appellant brought this action for
ejectment and to quiet title in herself, and respondents
answered affirmatively, alleging title in themselves and
praying that their title be quieted.   Both parties
claimed as the common source of title their father,
Patrick O'Donnell.   Appellant also showed a quit-
claim deed from John P. O'Donnell to her, not executed
jointly with him by his wife.   Appellant alleged an
oral agreement entered into between herself and her
brother, the respondent John P. O'Donnell, whereby
she assumed the care of their father in 1919, when he
was eighty-two years old and needed special care and
attention.   She also alleged that she received a deed
from her father, which was a part of the agreement

[1]Reported in 224 Pac. 682.

and understanding between them all; that possession of the premises so conveyed was surrendered to her, and assistance rendered in looking after the premises for appellant, and in collecting rentals from the tenant in possession, by John P. O'Donnell.

Respondents, in their affirmative defense, set up a deed from Patrick O'Donnell to respondent John P. O'Donnell, and claim that this deed conveyed the property to respondents as man and wife, which constituted it community property. Respondents also allege that, because John P. O'Donnell signed the deed to appellant without the signature of his wife, the deed was therefore void under our statutes as to community real estate. Appellant replied to the affirmative defense by general denial.

The trial court found in substance as follows: That Patrick O'Donnell, the father of the parties, was, on May 17, 1912, the owner of and resided upon the real estate involved together with other real estate; and that on that day he deeded to his son, John P. O'Donnell, then being a married man (his wife was his corespondent Sarah O'Donnell), the premises in controversy herein. That the deed was a deed in the ordinary form of a statutory warranty deed, but contained the following clause:

"This deed is to take effect only after the death of the grantor, and the grantor herein reserves to himself a life estate in the above premises, and is to have and to use and to retain absolute control until the death of the grantor. In case the grantee dies before the grantor, then this deed to be null and void, and to be of no effect as though this conveyance had never been made or executed."

The deed recites as consideration love and affection and the nominal sum of one dollar. The trial court found that the deed was given by Patrick O'Donnell

in consideration of John P. O'Donnell and his wife caring for Patrick O'Donnell until his death. The court further found that sometime prior to December, 1919, respondent John P. O'Donnell arranged with his sister, appellant herein, for her to take the care, support and maintenance of Patrick O'Donnell during the period of his lifetime, and in consideration thereof executed and delivered to appellant an instrument in the form of a deed purporting to convey to her the real property involved herein; that, at the time appellant took Patrick O'Donnell to care for, she expended approximately $1,000 on remodeling her house, and putting it in proper condition to take proper care of her father, and that she took her father to her home pursuant to the agreement and kept him there until about a month and a half before his death; that thereafter on May 4, 1921, Patrick O'Donnell executed and delivered to his daughter, appellant herein, an instrument in the form of a warranty deed purporting to convey to appellant the above described property; that Patrick O'Donnell is now deceased; that respondent Sarah O'Donnell has never in any way by any deed or admission on her part consented to the transfer of the property from her husband to appellant.

Based upon the foregoing findings of fact, the court concluded that the deed from Patrick O'Donnell to John P. O'Donnell created a present interest in the lands thereby conveyed subject only to the life estate therein reserved to the grantor; that the deed was not testamentary in character, and that it created a present community interest in the lands involved, in respondents; that the deed from John P. O'Donnell to appellant was void, and that respondent Sarah O'Donnell is not estopped to so claim; that the deed from Patrick O'Donnell to appellant conveyed to her only whatever estate he had reserved in his deed to respond-

ent John P. O'Donnell. It was then concluded that respondents were entitled to judgment and decree quieting their title to the property as against appellant, and other relief. Decree was entered accordingly.

The primary question for determination is whether or not the deed of May 17, 1912, to respondent John P. O'Donnell was a deed conveying a present estate or interest in the premises involved, or merely an instrument of a testamentary character.

Appellant contends that it was testamentary only. Respondents contend that it was a deed conveying a present estate or interest, and that, supported by the extraneous evidence as found by the court, it was for a consideration passing from the community of John P. O'Donnell and wife to the grantor, Patrick O'Donnell, and the property thereby conveyed by Patrick O'Donnell was conveyed for a valuable community consideration and not as a gift, and constituted community property.

It must be said in general that the authorities fight on both sides of this proposition. A vast number of authorities have been examined, most of them cited by respondents, but many of them are based upon peculiar language of the conveyance or instrument involved, to establish that the instrument there involved was a deed rather than a testamentary instrument. Under the system existing in this state, if the instrument was testamentary in character, it conveyed the property to John P. O'Donnell as a gift or devise, and became separate property in which his wife acquired no interest.

In *Andrews v. Andrews,* 116 Wash. 513, 119 Pac. 981, this court held that property acquired by a husband under a contract for its devise in return for the care and support of the grantee's parents would be community property. Our statute was referred to pro-

viding that, "The 'gift, bequest, devise or descent' contemplated by the statute as constituting separate property is not based upon contract or consideration, and property willed by one to another in compliance with a contract between the parties is not a gift or bequest in contemplation of the statute." And in the case of *In re Brown's Estate,* 124 Wash. 273, 214 Pac. 10, which is relied upon by respondents, the principle was again reaffirmed as established by a number of cases cited therein, that the "presumption is that property acquired during coverture is community property. . . . And the burden is upon the person claiming it to be separate property to establish that as its character."

The cases of *Showalter v. Spangle,* 93 Wash. 326, 160 Pac. 1042, and *Bloor v. Bloor,* 105 Wash. 110, 177 Pac. 722, are relied upon by respondents, and the following quotation is made:

"It is essential to the delivery of a deed that there be a giving by the grantor and a receiving by the grantee with a mutual intention to pass a present title from the one to the other. . . . This mutual intention is the cardinal requisite. . . . This is as essential to a deed of gift as to any other. It is elementary that a deed cannot perform the functions of a will, hence cannot be effectually delivered after the grantor's death. When, however, the grantor delivers the deed to a third person in escrow to be held until the grantor's death and then delivered to the grantee, the grantor retaining no dominion or control over it, the delivery is valid and an immediate estate is vested in the grantee at the date of the delivery in escrow, subject to the grantor's life estate."

Respondents rely strongly on the statement at the end of the foregoing excerpt, as follows: "the delivery is valid and an immediate estate is vested in the grantee at the date of the delivery in escrow, sub-

ject to the grantor's life estate." But it will be seen that these cases involve principally the question of whether there was an actual delivery and the intention to make a gift.

Appellant insists that there are four salient reasons why this instrument should be considered testamentary in its nature: first, it is especially provided that this deed is to take effect only after the death of the grantor; second, the grantor reserves to himself absolute dominion and control over the property and the full right to the use of the same during his lifetime; third, it is especially provided that the deed is to be absolutely of no effect and *null and void* in case the grantee should die before the grantor; and fourth, subsequent to the making of the deed, the grantor conveyed the remaining portion of the same property by warranty deed to his daughter (appellant in this action), showing by his interpretation that he did not intend by the prior deed to his son to convey a present interest.

After examining a vast number of authorities, and analyzing the provisions of the instruments involved, we conclude that appellant's contentions are correct.

As was said in the case of *Niccols v. Niccols,* 168 Cal. 444, 143 Pac. 712, in discussing the essential elements of an instrument testamentary in its nature, quoting from *Nichols v. Emery,* 109 Cal. 329, 41 Pac. 1089:

"The essential characteristics of an instrument testamentary in its nature is that it operates only upon, and by reason of, the death of the maker. Up to that time it is ambulatory. By its execution the maker has parted with no rights, and has divested himself of no modicum of his estate; and, *per contra* no rights have accrued to and no estate has vested in, any other person. The death of the maker establishes for the first time the character of the instrument. It at once

ceases to be ambulatory. It acquires a fixed status, and operates as a conveyance of title.''

See, also, *Nichols v. Emery, supra.*

In *Chaplin v. Chaplin,* 105 Kan. 481, 184 Pac. 984, the supreme court of Kansas held that an instrument in the form of a deed containing the clause, ''except in case the party of the second part (the grantee) becomes deceased before the party of the first part (the grantor), this deed shall be null and void,'' was testamentary in character, distinguishing from other cases relied upon by the grantee where clauses in instruments were held not to render the instruments testamentary in character, by the same court. In the case cited, the court said:

''His real purpose, as we gather it from the entire document, appears to have been to keep the property himself unless the grantee should survive him. His expression was, that 'the deed should be void if the grantee should die first;' that is, not merely that the deed should not be effective to transfer the right of possession until the grantor's death, but that nothing whatever should pass under it unless the grantee should survive him.''

So here, the conveyance before us contains the identical language that, ''if the grantee should die before the grantor, the deed should be null and void,'' and it further emphasized the grantor's intention by also specifying that ''this deed is to take effect only after the death of the grantor, and the grantor herein reserves to himself a life estate in the above premises *and is to have and to use and to retain absolute control until the death of the grantor.''*

As further evidencing the intention of the grantor, as well as the understanding of the grantee, the grantor subsequently conveyed the identical premises, in con-

sideration of love and affection and a nominal consideration, to appellant. Respondent John P. O'Donnell also seems to have interpreted the original conveyance to him in the same light, for he quitclaimed the premises involved to appellant by his conveyance of December 1, 1920. The conveyance of the same property to appellant by Patrick O'Donnell was even later than that of John P. O'Donnell, being on May 4, 1921. The latter conveyance was in contravention of the former conveyance by Patrick O'Donnell to John P. O'Donnell, and brings this case within the principle of the case of *Simpson v. McGee*, 112 Miss. 344, 73 South. 55, 11 A. L. R. 4. In that case it was held that a deed reciting that it is to take effect only after the death of the grantor is testamentary in character and will not prevail against subsequent conveyance by the grantor to take effect *in praesenti*. The supreme court of Mississippi is, however, committed to the principle that a deed providing that it shall take effect on and after the death of the grantor is testamentary in character. *Cox v. Reed*, 113 Miss. 488, 74 South. 330, 11 A. L. R. 5, citing former cases decided by that court.

To show the discord in the decisions on the subject, six selected cases are reported in 11 A. L. R., the first, that of *Collier v. Carter*, 146 Ga. 476, 91 S. E. 551, which decided that an instrument in the form of a deed containing the clause "to go into effect *at the signer's death, and where there is no other indication of the intent of the signer,* and the paper is duly delivered, it will be considered as a deed postponing possession." (Italics ours.)

The next two are decisions of the supreme court of Mississippi, above cited.

The next is that of *Wimpey v. Ledford*, 177 S. W. (Mo.) 302, holding that a deed is not testamentary in

character which is made with the understanding that the grantor shall have all control or power over the property during his lifetime, and at his death then the title is to pass, considering the word "title" as used in the instrument to mean the right to possession.

The next case is that of *Trumbauer v. Rust,* 36 S. D. 301, 154 N. W. 801, 11 A. L. R. 10, holding that "an instrument in the form of a deed which is not executed so as to be valid as a will, which is delivered prior to the maker's death, *and with which he never attempts to interfere,* is not made testamentary in character by the recital that it is to go into effect only after the death of the grantor, who is to have full possession during life," etc. (Italics ours.)

The sixth case is that of *Shaull v. Shaull,* 182 Iowa 770, 166 N. W. 301, holding that a deed delivered and recorded in obedience to directions of one to whom it was delivered in escrow, conveying land to one and his heirs and assigns, passes title, although it provides that it is to take effect immediately upon the death of the grantors.

The last case cited, like our case of *Bloor v. Bloor,* *supra,* was one involving principally the question of delivery, and the intention regarding the same. The *Rust* case, by the supreme court of South Dakota, held that, where the grantor never attempted to interfere with the conveyance to the grantee, it was not testamentary in character. In the case at bar, there was an interference by the grantor, he subsequently granting the same land by deed to appellant.

In the *Carter* case, *supra,* the supreme court of Georgia construed the clause involved there as not defeating a present conveyance, because there was no other indication of the intention of the signer, which is not true in the case before us.

In the same volume of A. L. R., commencing at page

23 and continuing to page 105, the decisions of the courts of the country up to about 1917 are collated, and many clauses contained in such instruments are set forth and the decisions of the courts thereon stated. Many of these cases have been examined. Those who desire further light upon the question may derive much profit by examining the annotations.

As to this court, we have become satisfied that the clauses in the instrument before us not only pass no present interest to respondent John P. O'Donnell, but emphasize that fact in more than one way; that the language was not ambiguous; that the instrument was testamentary in character, and that whatever title or interest it conveyed to the grantee was by way of either gift or devise, and conveyed no interest therein as the property of the community.

The decree is therefore reversed.

MAIN, C. J., TOLMAN, MACKINTOSH, and MITCHELL, JJ., concur.