[No. 31125. Department Two. December 23, 1949.]

BERNICE D. WILSON, *Individually and as Executrix, Appellant,* v. ISABEL M. WILSON, *Respondent.*[1]

¹Reported in 212 P. (2d) 1022.

*Merritt, Summers & Bucey,* for appellant.

*Congdon, Clemans & Kasperson,* for respondent.

HILL, J.—We are here confronted with another phase of the troublesome question of the rights of beneficiaries other than the surviving spouses under insurance policies paid for by both separate and community funds.

Premiums on a ten-thousand-dollar policy on the life of John James Wilson were paid over a period of twenty years, for four years before his marriage with separate funds and for sixteen years after his marriage with community funds. The original beneficiaries named in the policy were a brother and an aunt; some months after his marriage, Mr. Wilson made his wife and his sister the beneficiaries, in equal shares or all to the survivor; later, he changed the division between the beneficiaries to three fourths to his wife and one fourth to his sister, or all to the survivor, and it so remained until his death on March 6, 1947.

At the time of his death, there was an unpaid policy loan of $1,875, leaving $8,125 for distribution, three fourths of which would be $6,093.75, and one fourth would be $2,031.25. (There was also an item of prepaid interest on the policy loan, as to which there is now no controversy. That amount is excluded from the computations herein, to avoid confusion.)

Whatever may have been the claims of the parties at various stages of the controversy between the widow and the sister, it is now conceded that the maximum amount to which the sister may be entitled is two thousand dollars, that being the one fifth of the proceeds of the policy paid for by separate funds, although the insurance company paid a somewhat larger sum into court to await the determination of the controversy. The sister claims the sum of two

thousand dollars, that being less than the one fourth of the proceeds of the policy to which she was entitled by its terms.

The circumstance that prevents the payment of one fourth of the proceeds available for distribution, *i.e.*, $2,031.25, to the sister in accordance with the contract between the insurance company and the insured is that the community has a four-fifths interest in the proceeds of the policy, and the amount which the insured could give to anyone other than his wife is limited to the one-fifth interest in the total proceeds of the policy paid for by the insured's separate funds. *Small v. Bartyzel*, 27 Wn. (2d) 176, 177 P. (2d) 391. The difference between the amount which the sister could receive under the policy and the one fourth of the proceeds of the policy available for distribution is $31.25, and that amount is community property and goes to the widow, not as a beneficiary but as the representative of the community estate. That is, in substance, the disposition of the case made by the trial court, and it is, in our opinion, correct.

The widow claims that, as the representative of the community estate, she is entitled to receive eight thousand dollars, or four fifths of the proceeds of the policy, because that is in proportion with the premiums paid with community funds. (Of this amount she would be entitled to receive $6,125 in cash, because $1,875 of it was used to pay a community debt represented by the policy loan.) It is her further contention that, as a beneficiary, she is entitled to fifteen hundred of the remaining two thousand dollars, since the policy provides that she is to receive three fourths of the proceeds thereof. This would leave one fourth of two thousand dollars, or five hundred dollars, for the sister.

To arrive at that result, her position must be that she takes no part of the four fifths of the proceeds paid for by community funds as a beneficiary, but takes that four fifths as the representative of the community estate; that the only portion of the proceeds of the policy which can be distributed in accordance with the terms of the policy is the one fifth

paid for by separate funds; and that, as one of the beneficiaries named in the policy, she is entitled to three fourths of that one fifth.

In this particular situation, this would represent a most desirable result from the widow's standpoint, since she is the sole devisee and legatee in her husband's will (except for two bequests of one dollar each) and there are no claims against the estate. However, it is easy to conceive of a situation in which the husband has by will disposed of half of the community estate to someone other than the widow, or in which claims against the community estate are large or render it insolvent, where the widow would be greatly benefited by being able to take as much as possible as a beneficiary and thus enjoy the exemptions provided by Rem. Rev. Stat. (Sup.), § 7230-1.

We start with the concept that the contract between the insured and the insurance company is valid, and that the proceeds should be distributed in accordance with the terms of the policy except to the extent that the community property law intervenes and prevents such distribution. The payment of the loan in the amount of $1,875 was consistent with the contract between the insurance company and the insured. The payment of three fourths of the proceeds of the policy available for distribution to the widow as beneficiary is likewise consistent with the contract between the insurance company and the insured, and she should take that amount as a beneficiary and not as the representative of the community estate.

A careful review of all of the cases dealing with the effect of our community property law on contracts of insurance, from *Occidental Life Ins. Co. v. Powers*, 192 Wash. 475, 74 P. (2d) 27, 114 A. L. R. 531, through *California-Western States Life Ins. Co. v. Jarman*, 29 Wn. (2d) 98, 185 P. (2d) 494, and *In re Knight's Estate*, 31 Wn. (2d) 813, 199 P. (2d) 89, fails to disclose any case in which we have not recognized the validity of the insurance contract (surviving spouses have always been interested in the proceeds of the policy rather than the return of premiums

paid with community funds) and given the contract effect up to the point that a provision of the policy was contrary to public policy as represented by our community property law. And only in that event have we recognized that the representative of the community estate, usually the surviving spouse, has a right superior to that of the named beneficiaries to all or a portion of the proceeds of the policy.

The widow's contention here is without support in any of our cases, although she relies upon *Small v. Bartyzel, supra.* That case, as have all others dealing with any phase of this subject, recognized the validity of the insurance contract and gave it effect up to the point at which the disposition of the proceeds of the policy by the insured could not be given effect because of the superior rights of the representative of the community estate under our community property law.

The only amount the widow can recover under the contract of insurance as a beneficiary is the three fourths of the proceeds available for distribution, *i.e.,* $6,093.75, which that contract gives to her. Any other recovery must be on the basis that, as the representative of the community estate, she is seeking to recover community property disposed of by her husband in excess of his authority.

We are satisfied that the rule which gives maximum effectiveness to the insurance policy and to the intent of the insured, and at the same time gives the surviving spouse every protection to which she is entitled by the community property law, would be that, where the premiums on an insurance policy have been paid in part with separate funds and in part with community funds and the surviving spouse is named as one of two or more beneficiaries: (a) If the amount which the surviving spouse takes as beneficiary, plus any amount used to pay community indebtedness represented by policy loans, equals or exceeds the portion of the proceeds of the policy that has been paid for by community funds, all of the beneficiaries will take the proportions designated in the insur-

ance policy; (b) if the amount ·the surviving spouse takes as beneficiary, plus any amount used to pay community indebtedness represented by policy loans, is less than the portion of the proceeds of the policy paid for with community funds, the surviving spouse will take his or her designated portion as beneficiary and then, as representative of the community estate, can recover the difference between the amount received as beneficiary plus the amount used to pay such policy loans and the portion of the proceeds of the policy paid for by community funds. The other beneficiaries will in that case divide the portion of the proceeds of the policy paid for by separate funds in the proportion, as between themselves, to which they are entitled by the provisions of the policy.

█ While we are in accord with the trial court on the principal issue presented for our consideration, we find no basis for allowing the sister interest on the sum of two thousand dollars from the date the insurance company paid the money into court until the date of the judgment in the court below. The parties were waging a controversy over a sum which had been paid into court to await the determination of their respective claims; neither party was at any time indebted to the other. The rule is that, when a fund in litigation is deposited in court, interest is not ordinarily recoverable thereon while it remains so deposited except to the extent that it earns interest during that time. 47 C. J. S. 66, Interest, § 54. In *Peoples Gas Light & Coke Co. v. Hart,* 310 Ill. App. 351, 34 N. E. (2d) 88, money collected by the gas company in excess of the rates authorized by the state regulatory body was impounded pending the decision of the court as to the propriety of the rates charged. The money so impounded was directed to be returned to the consumers, and some of them claimed interest on the excess amounts which had been paid the gas company. The court said:

"The petitioners stress the point that because the consumers were deprived of the use of the excess amounts which they paid the gas company, therefore the gas company should pay interest. This does not follow. That both

parties are deprived of the use of funds is no reason why one of them must pay interest."

The sister is, for all practical purposes, the prevailing party, and there is no basis for disturbing the judgment for costs in her favor. Rem. Rev. Stat., § 473 [P.P.C. § 71-13]. Neither the portions of the judgment favorable to nor those adverse to the widow distinguish between her individual capacity and her capacity as the representative of the community estate. Since any distinction seems to be unnecessary in the present situation, no attempt is made to make the judgment more specific in those particulars.

The judgment of the trial court is affirmed, except that the words, "interest on $2,000.00 at the rate of Six (6%) per cent, per annum, from the 13th day of May, 1948, and . . . ," shall be deleted therefrom.

The respondent will recover her costs on this appeal.

ROBINSON, MALLERY, and HAMLEY, JJ., concur.

SIMPSON, C. J., concurs in the result.

