**Arline G. KERN and Pacific National Bank of Washington, a national banking association, as executors of the Estate of Albert R. Kern, Deceased, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 72–1712.**

United States Court of Appeals, Ninth Circuit.

Feb. 6, 1974.

Rehearing Denied March 18, 1974.

Stanley S. Pratt of Gavin, Robinson, Kendrick, Redman & Mays, Yakima, Wash., for appellants.

Scott P. Crampton, Asst. Atty. Gen., Elmer J. Kelsey, Richard Farber, Meyer Rothwacks, Ann Belanger, U. S. Dept. of Justice, Tax Div., Washington, D. C., Dean C. Smith, U. S. Atty., Spokane, Wash., for appellee.

Before GOODWIN and SNEED, Circuit Judges, and BURNS,* District Judge.

OPINION

SNEED, Circuit Judge:

This is an estate tax case involving the interaction between the community property law of the State of Washington as it relates to the proceeds of life insurance policies and Section 2042(2) of the Internal Revenue Code of 1954. The facts are not disputed; the problem consists of the legal consequences of these facts under Washington law and Section 2042(2).

* The Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation.

Albert R. Kern and his wife, Arline G. Kern, were married on January 22, 1928. On January 15, 1958 there was issued by the Northern Life Insurance Company of Seattle, Washington, Policy No. 467–750 in the face amount of twenty thousand dollars naming Albert as the insured and Arline as the beneficiary. The application for this policy reflects that Albert signed as a proposed "insured" and Arline as the "applicant." The following provision also appeared in the application:

IT IS FURTHER AGREED that the Proposed Insured consents to the insurance herein being applied for and agrees that any policy or policies that may be issued hereunder shall belong to and be subject to the exclusive control and disposition of the applicant or applicants hereunder without further action or consent on the part of the Proposed Insured for any purpose whatsoever.

In addition, Policy No. 467–750 contained a typed endorsement in the policy stating:

It is understood and agreed that application for this policy was made by Arline G. Kern, wife of the Insured, designated as the applicant. It is further understood and agreed that the said applicant is the sole owner of this policy and may receive and exercise every right and privilege thereunder, if she be living, otherwise the Executors, Administrators or Assigns of the said applicant. Under this agreement, it is understood that neither the Insured nor his estate shall have any interest in this policy.

A second policy, Policy No. 505389, on the life of Albert was issued on March 3, 1965, by Northern Life in the full amount of ten thousand dollars. The application also reflects that Albert signed as the proposed "insured" and Arline as the "applicant." The application contains the same language set out above that appears in the application for Policy No. 467–750. However no typed endorsement such as was placed on Policy No. 467–750, appears on this 1965 policy.

All the premiums with respect to both policies were paid from community funds. Arline was designated the beneficiary under both policies.

The proceeds of both policies were paid to Arline following Albert's death on July 15, 1967. The estate tax return prepared with respect to Albert's estate included one half of the proceeds of each policy in the gross estate, presumably on the ground that the policies were the community property of Albert and Arline. Thereafter, a timely claim for refund was filed seeking to exclude from Albert's gross estate any amount with respect to these two policies. This claim was disallowed by the Commissioner of Internal Revenue and this suit for the refund was initiated by the executor of Albert's estate.

The trial court dismissed the complaint of the executors with prejudice on the ground that the policies were community property. We reverse and render judgment with respect to Policy No. 467–750 and reverse and remand for further proceedings with respect to Policy No. 505389. Neither action is intended to preclude further proceedings regarding the extent to which the premiums paid with respect to Policy No. 467–750 and the premiums paid with respect to, or proceeds of, Policy No. 505389 should be included in Albert's gross estate by reason of Section 2035 of the Internal Revenue Code of 1954. These issues were not reached by the trial court and our action here should not foreclose their consideration on remand.

■ The proper characterization of each policy is governed by Washington law. Recently this court had the opportunity to describe in general terms the structure of Washington's community property law. *See* United States v. Overman, 424 F.2d 1142 (9th Cir., 1970). We recognized that property acquired during marriage was, subject to certain exceptions, community property. The interest of each spouse is an equal, present, and vested right in the community property which is protected from

certain acts by the other that would impair it. Each can sell or give his interest to the other during the existence of the community and, upon its termination by the death of a spouse, the interest of such spouse may be subject to testamentary disposition.

More particularly, under Washington law, to establish that property acquired during marriage is not community property it is necessary to show that it was obtained by the acquiring spouse by gift, devise or descent. Any such demonstration must overcome a strong presumption in favor of the community and the burden is upon the party who asserts separate property status to establish it. R.C.W.A. 26.16.010, 26.16.020, 26.16.030; In re Estate of Smith, 73 Wash.2d 629, 440 P.2d 179 (1968); Stokes v. McDowell, 70 Wash. 2d 694, 424 P.2d 910 (1967); California-Western States Life Ins. Co. v. Jarman, 29 Wash.2d 98, 185 P.2d 494 (1947). While the magnitude of this burden has been described variously, a fair statement is that the evidence sufficient to overcome the presumption must be clear, definite and convincing. State v. Miller, 32 Wash.2d 149, 201 P.2d 136 (1948); In re Slocum's Estate, 83 Wash. 158, 145 P. 204 (1915).

We agree with the trial court's view that the above-quoted provision appearing in the application for each policy, standing alone, does not meet this standard. A provision on a printed form applicable to any applicant and insured, without regard to their marital status, does not constitute the clear, definite, and convincing evidence necessary to overcome the presumption.

In our view the typewritten endorsement on Policy No. 467–750 is a different matter. While it does not explicitly state that that policy "was intended to be the separate property of Arline G. Kern" and that "all the rights, privileges, and incidents of ownership

thereunder are the separate property of Arline G. Kern," it does describe Mrs. Kern as "the sole owner of this policy." and expressly precludes any interest in the policy on the part of the Insured or his estate. This, when accompanied by the testimony of Mrs. Kern and the insurance agent who sold the policies, clearly, definitely, and convincingly demonstrates that it was intended that this policy be the separate property of Mrs. Kern.

The contrary conclusion of the trial court was based on the belief that under Washington law the presumption favoring the community in these circumstances could be overcome only by a "separate instrument with the recitation that the property was separate property and not community property, and provision for the specific gifts of the premiums. . . ." We do not believe this is an accurate description of the requirements of Washington law. Evidence sufficient to rebut the presumption must be clear, definite, and convincing, but it need not in these circumstances be evidenced by an instrument separate and apart from the insurance policy. No Washington case has been found imposing such a requirement. The cases cited by the trial court do not do so. Under these circumstances the trial court's conclusion is not entitled to the deference to which findings of fact are entitled and which we extended to such findings in Kroloff v. United States, 487 F.2d 334 (9th Cir., 1973), a case somewhat similar to this one involving the Arizona community property laws.

This brings us to the Washington statute, R.C.W.A. 48.18.440, first brought to the attention of the court shortly before oral argument. Subsection (1) provides, *inter alia*, that policies made payable to or for the benefit of the spouse of the insured "shall unless contrary to the terms of the policy, inure to the separate use and benefit of such spouse."[1] The possible effect of

---

1.  48.18.440, *Spouse's rights in life insurance policy.*

(1) Every life insurance policy heretofore or hereafter made payable to or for the bene-

this language on the facts of this case was not considered by the trial court nor did the briefs of the parties on this appeal deal with it. In our view it is necessary to remand to the trial court for the purpose of determining the effect, if any, of this statute on the status of Policy No. 505389. We, of course, express no opinion on this matter at this time.

Reversed and rendered as to the proceeds of Policy No. 467–750.

Reversed and remanded for further proceedings as to the proceeds of Policy No. 505389.

fit of the spouse of the insured, and every life insurance policy heretofore or hereafter assigned, transferred, or in any way made payable to a spouse or to a trustee for the benefit of a spouse, regardless of how such assignment or transfer is procured, shall, unless contrary to the terms of the policy, inure to the separate use and benefit of such spouse: *Provided,* That the beneficial interest of a spouse in a policy upon the life of a child of the spouses, however such interest is created, shall be deemed to be a community interest and not a separate interest, unless expressly otherwise provided by the policy.