[No. 44875. En Banc. January 12, 1978.]

VERBEL B. FRANCIS, *Individually and as Administratrix, Respondent,* v. ROBERT FRANCIS, *Appellant.*

*Robert M. Brown* (of *Brown & Thayer*), for appellant.

*Malott & Southwell*, by *Thomas Malott*, for respondent.

ROSELLINI, J.—During the course of his marriage to the respondent, Leslie L. Francis paid, with community funds, all premiums on two policies insuring his life. He designated as beneficiaries his wife, who is the respondent, and his son by a previous marriage, who is the appellant. He died testate in 1973, making provisions for the respondent in his will but leaving the residue of his estate to a daughter and the appellant. The respondent commenced this action seeking a determination that all of the proceeds of the policies belong to her. The trial court reluctantly upheld this contention, finding *Occidental Life Ins. Co. v. Powers*, 192 Wash. 475, 74 P.2d 27, 114 A.L.R. 531 (1937), controlling.

In a 5-to-4 decision, this court held in that case that a nonconsenting wife may void the designation of someone other than herself as beneficiary of a community–owned life insurance policy. The holding was grounded upon the theory that a life insurance policy and its proceeds constitute community property and that the designation by the insured of a beneficiary other than his spouse amounts to an attempt to give away community property.[1]

---

[1]In *Cade v. Head Camp, W.O.W.*, 27 Wash. 218, 67 P. 603 (1902), the court had reached an opposite result but without giving any attention to the principles of community property law. The case appears to have been overruled *sub silentio*.

The majority opinion was immediately questioned in a Comment by Russell V. Hokanson in 13 Wash. L. Rev. 321 (1938). It has been consistently criticized over the years and to our knowledge has never been defended.[2]

While the case has been cited numerous times (most often for the proposition that an insurance policy purchased with community funds constitutes community property and/or the proposition that substantial gifts of community property cannot be made without the consent of both spouses), the questionable holding of the case, namely, that where an insured designates as beneficiary of a community–owned policy a person or persons other than his spouse, the latter may void the designation as to all the proceeds and not just to a one–half share, has figured in only a few cases.

These include *King v. Prudential Ins. Co.*, 13 Wn.2d 414, 125 P.2d 282 (1942), a departmental decision in which the rule was applied without discussion; *Small v. Bartyzel*, 27 Wn.2d 176, 177 P.2d 391 (1947), an en banc opinion reaffirming the decision but not recognizing or discussing the criticisms, Mallery, J., dissenting; *California–Western States Life Ins. Co. v. Jarman*, 29 Wn.2d 98, 185 P.2d 494 (1947), a departmental decision following the *Powers* case without discussion, Mallery, J., again dissenting; *Wilson v. Wilson*, 35 Wn.2d 364, 212 P.2d 1022 (1949), a departmental decision wherein the correctness of *Powers* was evidently not questioned by any party, the issue being confined to the question of what disposition should be made of the portion of a policy paid for out of separate funds of the deceased husband; and *Aetna Life Ins. Co. v.*

---

[2]*See* E. Reiley, *Community Property v. Contracts—A Domestic Conflict of Law Being Waged by the Washington Wife*, 1 Gonz. L. Rev. 1 (1966); H. Cross, *The Community Property Law in Washington*, 49 Wash. L. Rev. 733, 790–94 (1974); W. Reppy & W. deFuniak, *Community Property in the United States* 461–62 (1975); W. deFuniak & M. Vaughn, *Principles of Community Property* § 123 (2d ed. 1971). *See also* dissenting opinion of Mallery, J., *Small v. Bartyzel*, 27 Wn.2d 176, 177 P.2d 391 (1947).

*Brock,* 41 Wn.2d 369, 249 P.2d 383 (1952), an en banc decision wherein an evenly divided court was unable to reaffirm or overrule the *Powers* holding.

That ever since a cloud of doubt has hung over the rule of law upon this point is recognized in *Estate of Hammel v. General Am. Life Ins. Co.,* 68 Wn.2d 862, 865–66, 415 P.2d 1017 (1966).

In the meantime this court had softened somewhat the impact of *Powers* by giving effect, in *In re Estate of Towey,* 22 Wn.2d 212, 155 P.2d 273 (1945), to a change of beneficiary wherein the insured husband's executor was named beneficiary. Under this ruling the wife's half–interest in the proceeds of the policy was preserved but the husband was able to dispose of his half of the proceeds by will. While this modification of the *Powers* rule ameliorated to some extent the harshness of its impact, it necessitated a circuitous action on the part of an insured in order to designate the beneficiaries of his share of the proceeds. It entailed further disadvantages such as costs of administration, increased estate taxes, and delay in distribution, which would not exist if he were able to name the beneficiary directly in the policy.

Having reexamined the *Powers* case and its progeny, we have come to the conclusion that the case was erroneously decided and should be overruled. The majority opinion proceeded upon the incorrect assumption that a designation of a life insurance beneficiary operates as an inter vivos gift of community property, failing to recognize that such a designation is merely a means of transmitting property at death. The opinion confuses the right of the wife to void an inter vivos gift of community property in its entirety with her right to receive the value of one–half of the community property at the husband's death. The designation of an insurance beneficiary is quasi–testamentary in nature, since the beneficiary has only an inchoate right prior to the death of the insured, at least where the insured retains the right to change the beneficiary. And even where he does not retain this right the beneficiary's interest is

contingent upon the maintenance of the policy in good standing up to the time of the insured's death.

While the designation of a beneficiary is quasi–testamentary in nature, it is not subject to the requirements of the statute of wills (RCW 11.12), since it is expressly exempted under RCW 11.02.090.

■ The policy being community property and the husband having the right to dispose of one–half of the community property upon his death, he should have the right to give to persons other than his wife one–half the amount of the proceeds. We think the principles involved were well summarized by the California Supreme Court in *Pacific Mut. Life Ins. Co. v. Cleverdon,* 16 Cal. 2d 788, 792, 108 P.2d 405 (1940), quoting from *Travelers Ins. Co. v. Fancher,* 219 Cal. 351, 26 P.2d 482 (1933):[3]

> First, where premiums of an insurance policy issued on the life of the husband after coverture are paid entirely from community funds, the policy becomes a community asset; second, the designation of a beneficiary in a policy of life insurance initiates in favor of the beneficiary an inchoate gift of the proceeds of the policy, which, if not revoked by the insured prior to his death, vests in the beneficiary at the time of his death; third, the husband may not make a gift of the entire community property without the written consent of the wife; but if he attempt so to do, in contravention of the wife's rights (as in the case of life insurance policy, by naming a third party as beneficiary) the entire gift is not a nullity; it is subject only to the wife's right to have it revoked as to the half to which she would be entitled upon his death; and as to the remaining half, the gift is valid and immune from attack by the surviving wife or by those who under the law of succession would inherit the husband's share in

---

[3]The court in *Travelers Ins. Co. v. Fancher,* 219 Cal. 351, 26 P.2d 482 (1933), had held that the wife was entitled to receive one–half the proceeds, where the insured husband had designated another beneficiary. This ruling was held erroneous in *Sieroty v. Silver,* 58 Cal. 2d 799, 376 P.2d 563, 26 Cal. Rptr. 635 (1962). Since the beneficiary designation had been voided as to one–half the proceeds, and since the named beneficiaries were the insured's executors, the entire proceeds were ordered paid into the estate, there to be administered under a law similar to RCW 11.02.070, subjecting all of the community property to probate on the death of one spouse.

case he made no disposition thereof up to the time of his death.

It should be noted that this court did not hold in *Powers* or in the cases following it, as some have thought, that the surviving spouse was entitled to recover the entire proceeds of the policy where the insured had attempted to designate another beneficiary but rather that the designation was void in the same sense that an attempted inter vivos gift is void if attacked by the nonconsenting spouse. As a result the proceeds, not having been disposed of under the insurance policy, became part of the insured's estate to be administered according to his will or the laws of intestacy. The wife's share was also subject to administration pursuant to RCW 11.02.070.[4]

Thus, the evil of the case was not that it gave the entire proceeds to the surviving spouse, contrary to the intent of the insured, but that it denied to the insured the right to designate the beneficiary of one–half of the proceeds, being the half attributable to his interest in the policy as community property. We know of no sound reason of public policy which demands such a result. On the contrary the fundamental principles of community property law dictate that each spouse should upon his or her death have the right to dispose of his or her one–half interest in the policy as community property. *Small v. Bartyzel,* 27 Wn.2d 176, 177 P.2d 391 (1947).

█ The respondent suggests that inasmuch as *Occidental Life Ins. Co. v. Powers,* 192 Wash. 475, 74 P.2d 27, 114

---

[4]The confusion arises from a statement found in the opinion in *Occidental Life Ins. Co. v. Powers,* 192 Wash. 475, 74 P.2d 27, 114 A.L.R. 531 (1937) in a quotation of the Superior Court's memorandum decision. The court said that the wife was entitled to the entire proceeds of the policy "in her own right." While this statement, taken by itself, might be understood to mean that when, upon the death of the insured, his beneficiary designation is voided, the entire proceeds of the policy automatically inure to the surviving spouse, it must be read in conjunction with the statement of the issue in the case, which appears at page 483 of the opinion. This statement shows that the wife was entitled to the husband's half of the proceeds as sole legatee of the community property.

A.L.R. 531 (1937), has been the rule for 40 years, the principles of stare decisis make it imperative that the court not disturb its holding. It is true that long acquiescence in an erroneous decision may make it a rule of property or practice and raise it to the dignity of law. However, it is the duty of the court to overrule a series of decisions which are clearly incorrect when based upon a mistaken concept of law, if no injurious results will flow from overruling the prior decision. *In re Estate of Yand,* 23 Wn.2d 831, 162 P.2d 434 (1945); *Hutton v. Martin,* 41 Wn.2d 780, 252 P.2d 581 (1953).

We can conceive of no harm that can result in this instance. The rule of *Powers* was not one which invited reliance, rather it imposed burdens, created pitfalls, and promised frustration of the legitimate intentions of an insured. Its abandonment can produce none but salutary results.

Our decision here is in harmony with the 1972 revision of RCW 26.16.030, which makes spouses equal partners in the management and control of community property. This amendment also expressly provides that neither spouse shall give community property away without the express or implied consent of the other and limits to one–half the portion of the community property which either spouse can devise or bequeath by will.

This statute does not purport to govern the disposition of insurance proceeds. That question is expressly dealt with in RCW 48.18.440. Paragraph two of that section provides that in any policy issued upon the life of a spouse, that spouse's designation of a beneficiary shall create a presumption that the beneficiary was so designated with the consent of the other spouse, provided the beneficiary is a child, parent, brother or sister of either of the spouses. Implicit in this provision is a recognition of the interest which each spouse has in the proceeds of an insurance policy.

This provision, read in conjunction with RCW 48.18.370, protects the insurer against delayed claims that a spouse

did not consent to the designation. *Miller v. Paul Revere Life Ins. Co.,* 81 Wn.2d 302, 501 P.2d 1063 (1972).[5]

We conclude that insofar as this court held in *Occidental Life Ins. Co. v. Powers, supra,* that an insured husband may not, without his wife's consent, designate another person as the beneficiary of one–half of the proceeds of a policy of insurance on his life, it erroneously applied the community property law of this state. To that extent it and those cases which have followed it, including *King v. Prudential Ins. Co.,* 13 Wn.2d 414, 125 P.2d 282 (1942), *Small v. Bartyzel,* 27 Wn.2d 176, 177 P.2d 391 (1947), *California–Western States Life Ins. Co. v. Jarman,* 29 Wn.2d 98, 185 P.2d 494 (1947), *Wilson v. Wilson,* 35 Wn.2d 364, 212 P.2d 1022 (1949), and *Aetna Life Ins. Co. v. Brock,* 41 Wn.2d 369, 249 P.2d 383 (1952), are hereby overruled.

According to the rule which we have adopted today, the deceased had the right to give one–half of the proceeds of the policy of insurance on his life to a person or persons other than his wife. Since his designation of beneficiaries achieved precisely this result, the proceeds should be paid according to the terms of the policy.

The judgment is reversed.

WRIGHT, C.J., and HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

---

[5]The presumption created in RCW 48.18.440 is rebuttable. *National Bank of Commerce v. Lutheran Brotherhood,* 40 Wn.2d 790, 246 P.2d 843 (1952).