[No. 48161-0.   En Banc.   August 26, 1982.]

CERTIFICATION FROM THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
IN
ESTATE OF MATTIAS ARNOLD MADSEN, *Appellant,* v.
COMMISSIONER OF INTERNAL REVENUE,
*Appellee.*

*Aiken, St. Louis & Siljeg,* by *Steven Soha,* for appellant.

*Glenn L. Archer, Jr., United States Assistant Attorney General,* and *Michael L. Paup, Robert T. Duffy,* and *Jay W. Miller,* for appellee.

WILLIAMS, J.—This is a federal estate tax case wherein appellee, Commissioner of Internal Revenue, sought to recover $24,412.84 in estate taxes from appellant, Estate of Mattias Arnold Madsen. A deficiency was noted for failure to include one–half of the proceeds of a $200,000 life insurance policy in the gross estate of Mr. Madsen. The United States Tax Court ruled that one–half of the insurance proceeds were includable in the estate under the Internal Revenue Code of 1954, 26 U.S.C. § 2042(2). An appeal was taken to the United States Court of Appeals for the Ninth Circuit. A majority of the hearing panel expressed its belief that the Tax Court's decision was contrary to the community property laws of Washington, but certified the case to

this court for a dispositive statement of Washington law. *Estate of Madsen v. Commissioner,* 659 F.2d 897 (9th Cir. 1981).

In accordance with an order of the Ninth Circuit Court of Appeals and pursuant to RCW 2.60.010(4), the parties have stipulated to the following facts:

Mattias Arnold Madsen and Norma V. Madsen were married on July 23, 1950, and were domiciliaries of the state of Washington throughout their marriage. Mr. Madsen, who was a commercial fisherman, was lost at sea in the Gulf of Alaska on October 17, 1973.

On August 9, 1967, Norma Madsen applied to Safeco Life Insurance Company for a 5–year term policy on her husband's life in the face amount of $100,000. The application reflects that Mr. Madsen signed as the proposed insured and Norma Madsen signed as owner and primary beneficiary of the policy. At the time Norma Madsen applied for the policy, she and her husband had discussed the community property aspects of the policy with their insurance agent. All parties agreed that Norma Madsen would be the sole owner of the policy and pay all premiums. She apparently believed her husband intended to make a gift to her of his community property interest in the policy.

On September 1, 1967, Safeco issued a 5–year term policy in the face amount of $100,000 with a provision for double indemnity in case of the accidental death of Mr. Madsen. All premiums were paid by Norma Madsen with checks drawn on a joint bank account she maintained with her husband. The funds in this account were community property. In 1972, Norma Madsen renewed the policy under the same terms as the initial policy.

Upon notification of Mr. Madsen's death at sea, Safeco paid $200,000 directly to Norma Madsen as primary beneficiary under the policy. None of these funds were included in Mattias A. Madsen's gross estate for federal estate tax purposes. Appellee, Commissioner of Internal Revenue, determined that the policy was community property at the time of Mr. Madsen's death, and therefore sought to

increase his gross, estate by one–half of the policy proceeds ($100,000).

The Tax Court resolved the dispute in favor of appellee based on the community property nature of the funds used to pay the premiums of the policy. The court reasoned that absent proof of a gift of the one–half interest of the husband, the community property presumption persisted.

Appellant filed an appeal to the Ninth Circuit Court of Appeals. Pursuant to the procedures outlined in the Federal Court Local Law Certificate Procedure Act, RCW 2.60, the following question was certified to this court:

> In Washington, is a life insurance policy naming the deceased spouse as the insured and the surviving spouse as beneficiary and owner, though the premiums were paid out of community funds, the separate property of the surviving spouse?

*Madsen*, at 899.

The factual issue with respect to the certified question has been decided previously by the Tax Court and is not now before us. With respect to the application of RCW 48.18.440(1), our answer is that the language of that provision does not alter the general rule that absent clear and convincing proof to the contrary, the proceeds of a life insurance policy purchased with community funds retain the community property character of the funds used to purchase the policy.

The proceeds of a life insurance policy are includable in a decedent's gross estate for estate tax purposes under the following language:

> The value of the gross estate shall include the value of all property—
>
> . . .
>
> (2) Receivable by other beneficiaries.
>       To the extent of the amount receivable by all other beneficiaries as insurance under policies on the life of the decedent with respect to which the decedent possessed at his death any of the *incidents of ownership,* exercisable either alone or in conjunction with any other person.

(Italics ours.) 26 U.S.C. § 2042(2) (1958). The treasury regulations construing the above statutory section are found at 26 C.F.R. § 20.2042–1(c) (1981), and provide in pertinent part:

> (c) *Receivable by other beneficiaries.*
>
> . . .
>
> (2) For purposes of this paragraph, the term "incidents of ownership" is not limited in its meaning to ownership of the policy in the technical legal sense. Generally speaking, the term has reference to the right of the insured or his estate to the economic benefits of the policy. Thus, it includes the power to change the beneficiary, to surrender or cancel the policy, to assign the policy, to revoke an assignment, to pledge the policy for a loan, or to obtain from the insurer a loan against the surrender value of the policy, etc. . . .
>
> . . .
>
> (5) As an additional step in determining whether or not a decedent possessed any incidents of ownership in a policy or any part of a policy, *regard must be given to the effect of the State or other applicable law upon the terms of the policy.*

(Italics ours.) Thus, simply put, the issue in this case is whether Mr. Madsen had a community property interest in the policy insuring his life sufficient to constitute an "incident of ownership". If so, federal estate tax consequences will attach. *See Lang v. Commissioner*, 304 U.S. 264, 82 L. Ed. 1331, 58 S. Ct. 880, 118 A.L.R. 319 (1938).

■ In the seminal case of *Yesler v. Hochstettler*, 4 Wash. 349, 354, 30 P. 398 (1892), this court stated the basic presumption that an asset acquired during marriage is presumed to be community property. The presumption can be overcome only by clear and convincing proof that the transaction falls within the scope of a separate property exception. *Beam v. Beam*, 18 Wn. App. 444, 452, 569 P.2d 719 (1977). All property acquired during marriage is community property except property acquired by gift, devise, or inheritance. RCW 26.16.010–.030. The burden of overcoming this strong presumption is on the party asserting the separate nature of the property. *In re Estate of Smith,*

73 Wn.2d 629, 631, 440 P.2d 179 (1968); *Kern v. United States,* 491 F.2d 436, 439 (9th Cir. 1974). *See generally* Cross, *The Community Property Law in Washington,* 49 Wash. L. Rev. 729, 746–47 (1974).

The character of property as either community or separate is generally determined at the time of its purchase or acquisition. *In re Estate of Binge,* 5 Wn.2d 446, 105 P.2d 689 (1940). With respect to life insurance policies, ownership of the policy or its proceeds will be separate property or community property in proportion to the percentage of the total premiums which have been paid with separate or community funds. *Wilson v. Wilson,* 35 Wn.2d 364, 366–67, 212 P.2d 1022 (1949); *California–Western States Life Ins. Co. v. Jarman,* 29 Wn.2d 98, 101, 185 P.2d 494 (1947); *Estate of Meyer v. Commissioner,* 66 T.C. 41, 43 (1976), *aff'd mem.,* 566 F.2d 1182 (9th Cir. 1977). The fact that one spouse is designated the owner of a policy neither controls nor has any particular significance in determining the character of ownership of the policy as separate or community property. *Hamlin v. Merlino,* 44 Wn.2d 851, 862, 272 P.2d 125 (1954); *Merritt v. Newkirk,* 155 Wash. 517, 520, 285 P. 442 (1930).

The parties have stipulated that Norma Madsen paid all insurance premiums with checks drawn on a community property bank account. Accordingly, the basic presumption attaches that the policy was the community property of Mattias and Norma Madsen. The burden then became Norma Madsen's, as executrix of the estate, to rebut the presumption by proving her husband made a "gift" to her of his community property interest in the policy. The United States Tax Court found:

> Based on the record as a whole, we conclude that the petitioner failed to overcome this presumption in favor of community property. The evidence presented by the petitioner was simply not sufficient to prove clearly, definitively, and convincingly that the decedent made a gift of his one–half community interest in the policy to his wife.

Memorandum Findings of Fact and Opinion, July 31, 1979, Estate of Madsen v. Commissioner, U.S. Tax Court. The Tax Court's determination that no gift was intended is a finding of fact that will not be disturbed on appeal unless clearly erroneous. *Commissioner v. Duberstein,* 363 U.S. 278, 289–91, 4 L. Ed. 2d 1218, 80 S. Ct. 1190 (1960); *Carkhuff v. Commissioner,* 425 F.2d 1400 (6th Cir. 1970). Even if we were inclined to disagree with the Tax Court's findings, we would be without power to overturn those findings because federal courts of appeal have the exclusive jurisdiction to review such Tax Court decisions. *See* 26 U.S.C. § 7482(a) (1958).

We now turn to the problem of statutory interpretation presented by the certified question: Does RCW 48.18.440(1) convert community property life insurance policies into the sole and separate property of the beneficiary spouse? The statute provides:

> (1) Every life insurance policy heretofore or hereafter made payable to or for the benefit of the spouse of the insured, and every life insurance policy heretofore or hereafter assigned, transferred, or in any way made payable to a spouse or to a trustee for the benefit of a spouse, regardless of how such assignment or transfer is procured, shall, unless contrary to the terms of the policy, *inure to the separate use and benefit of such spouse*:
> . . .

(Italics ours.) RCW 48.18.440(1).

In *Schade v. Western Union Life Ins. Co.,* 125 Wash. 200, 207, 215 P. 521 (1923), this court interpreted the predecessor to RCW 48.18.440, Rem. Comp. Stat. § 7230–1, as it applied to a policy provision reserving the right of the insured to change beneficiaries. In upholding the policy provision, we relied on the statutory language as defining the rights of the beneficiary as compared with the rights of creditors in the proceeds and avails of the policy. *Schade,* at 207.

The case of *In re Estate of Towey,* 22 Wn.2d 212, 155 P.2d 273 (1945) presented the question whether a husband could change beneficiaries in life insurance policies pur-

chased with community funds when the wife had been named the original beneficiary. We held that because the policies were community property, the husband could change beneficiaries as to his one–half share in the policies. *Towey,* at 215–17. We went on to explain that the predecessor statute to RCW 48.18.440 referred only to the beneficiary spouse's interest in the *proceeds* of the policy, not the policy itself:

> Where the insured designates his wife beneficiary of a policy of life insurance issued during the existence of the community, even if the premiums on the policy are paid with funds of the community, the *proceeds* of the policy become, *upon the death of the insured,* the separate estate of the wife.

(Italics ours.) *Towey,* at 216–17.

Finally, in *Francis v. Francis,* 89 Wn.2d 511, 573 P.2d 369 (1978), we held that an insured spouse had the right to give up to one–half of his community interest in a life insurance policy to persons other than the beneficiary spouse under RCW 26.16.030. We went on to state:

> This statute [RCW 26.16.030] does not purport to govern the disposition of insurance *proceeds.* That question is expressly dealt with in RCW 48.18.440.

(Italics ours.) *Francis,* at 517.

The appellant urges this court to construe RCW 48.18.440(1) as transferring to Mrs. Madsen, by operation of law, her husband's one–half community property share in the life insurance policy in question. To do so, we would be forced to overrule *Schade, Towey,* and *Francis* insofar as those cases indicate RCW 48.18.440(1) relates solely to the surviving spouse's ownership interest in the proceeds when they become payable. We decline the invitation and now reaffirm our earlier holdings.

If we were to interpret RCW 48.18.440(1) to mean that the naming of a spouse as beneficiary of a community owned life insurance policy converted the policy into the beneficiary spouse's separate property, the insured spouse would be barred from thereafter changing or altering bene-

ficiaries without the other spouse's consent. This would effectively resurrect the rule of *Occidental Life Ins. Co. v. Powers,* 192 Wash. 475, 74 P.2d 27, 114 A.L.R. 531 (1937). In *Powers,* this court held that if a spouse, insured under a community owned life insurance policy, designated someone other than his or her spouse as a beneficiary, the nonconsenting spouse could void the entire designation. The holding was based on the theory that such designations were attempts to give away community property. The *Powers* case was specifically overruled in *Francis v. Francis, supra* at 518, because it prevented the insured spouse from freely giving up to one–half of the community property to whomever the insured spouse wished to designate. The appellant's proposed construction of RCW 48.18.440(1) would have the same effect of preventing the insured spouse from freely alienating his or her one–half community share of the policy proceeds as the *Powers* holding. Thus, the appellant's construction of the statute would similarly violate the *Francis* holding. We therefore adhere to our interpretation of RCW 48.18.440(1) as set out in the *Schade* line of cases.

We hold that RCW 48.18.440(1) does not convert community property life insurance policies into the separate property of the beneficiary spouse.

ROSELLINI, STAFFORD, UTTER, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.

BRACHTENBACH, C.J. (concurring)—I concur in the majority opinion. I believe, however, that it is important to point out that our opinion today should not be construed so as to prohibit couples from establishing the spouse as sole owner of the insured's policy. If the funds used to purchase the policy are separate property or if the instruments clearly demonstrate an intent on the part of the insured spouse to make a gift of his or her interest, the policy and its proceeds are separate, not community, property. *Mollett v. United Benefit Life Ins. Co.,* 81 Wn.2d 359, 363, 502 P.2d

460 (1972). Under these circumstances it would be improper to include the policy or its proceeds within the estate of the insured.

STAFFORD, DIMMICK, and PEARSON, JJ., concur with BRACHTENBACH, C.J.

Reconsideration denied September 28, 1982.