[No. 43458-6-I.    Division One.    November 22, 1999.]

LINDA ESTRADA, *Appellant*, v. KATHY A. MCNULTY, ET AL., *Respondents*.

[8]*Rodzik*, 169 F. Supp at 805.

*Gregory M. Miller,* for appellant.

*D. Mark Eide* of *Eide Vogel & Peacock*; and *Charles D. Brown* of *Brown Crosta & Brown,* for respondents.

COLEMAN, J. — John McNulty designated Linda Estrada, his girl friend, as his retirement plan beneficiary. The law in effect at the time of his designation required designees to have an insurable interest, which generally means a blood or marital relationship. The insurable interest requirement was stricken from the statute before John died. Estrada maintains that she is the proper designee because the date of death controls the validity of the designation. The respondents are John's three sons who claim that the designation was invalid and that they, as

John's legal representatives, possess the rights to the retirement funds. The trial court applied the law that was in effect at the time of John's designation, held that Estrada did not have an insurable interest in John's life, and dismissed her claims on summary judgment in favor of the McNultys. We hold that the designation was valid as a matter of law. The designation was a quasi-testamentary instrument; therefore, the controlling law is determined at the date of death.

## FACTS

John's marriage to Kathy McNulty was dissolved in 1993. The dissolution decree awarded him all interest in his retirement plan. In 1993, John designated Estrada as beneficiary to his pension plan, but did not state her relationship to him. The Washington State Department of Retirement Systems wrote John a letter advising him that his designee must have an insurable interest in his life. Presumably in response to the letter, John McNulty redesignated Linda Estrada in May 1995 as the beneficiary to his retirement plan. On the designation form, John described his relationship to Estrada as "friend." The statute in effect during both of John's designations required that the beneficiary have an insurable interest. RCW 41.40.270(1)(a) (amended 1995). It also provided that if no valid designation existed at the time of death, the decedent's legal representatives would be entitled to the retirement proceeds. RCW 41.40.270(1)(b). Prior to John's death, but after his designations, the statute was amended and the insurable interest requirement was stricken. RCW 41.40.270(1)(a) (amended LAWS OF 1995 ch. 144 § 5).

The trial court, in its order of summary judgment, relied upon the former statute in deciding that John did not properly designate a beneficiary because Estrada's relationship as "friend" was not an insurable interest.

On appeal, Estrada asserts that the trial court erred by applying the statute in effect at the time of designation

rather than the statute in effect at the time of John's death. She claims that pension designations are quasi-testamentary[1] and therefore become effective only at the death of the designator. Alternatively, she maintains that she is not barred from giving testimony of her relationship with John and that a genuine issue of material fact exists as to whether she had an insurable interest. The McNultys assert that her argument concerning the time of the statute's applicability is a new issue not raised during summary judgment proceedings and is thus barred on appeal.

## DISCUSSION

### Preservation on Appeal

The McNultys argued to the trial court whether the amended or the former version of the statute controls, but neither party argued that the designation was quasi-testamentary. The McNultys contend that we should not consider Estrada's new theory of statutory applicability. They maintain that because they did not have the opportunity to contest Estrada's new theory at the trial level, it is unfair to raise the argument on appeal.

Although Estrada's quasi-testamentary theory is first argued on appeal, the essence of her argument concerning which statute should be applied to John's designation was before the trial court. In its order dismissing Estrada's claims, the trial court stated that John's designation was governed by the former version of the statute because the new version applied only prospectively. The trial court used the date of designation as the date of legal effect. It therefore concluded that John's designation was invalid when executed. Because the trial court addressed and rejected the applicability of the newer statute, that issue was clearly before the trial court and its ruling may be challenged on appeal. Indeed, the issues that are presented

---

[1]The term "quasi-testamentary" is used to describe transactions where rights transfer at death but are not subject to the formal executory requirements of a will. *See Francis v. Francis*, 89 Wn.2d 511, 514-15, 573 P.2d 369 (1978).

to us on appeal hinge upon the trial court's statutory application. Therefore, we will entertain Estrada's theory as to whether John's designation was quasi-testamentary in nature.

Quasi-testamentary Instrument

■ An instrument is testamentary if, after its execution, (1) the maker forfeits no rights in his property and (2) no rights to his property have vested in any other person. *Young v. O'Donnell*, 129 Wash. 219, 224-25, 224 P. 682 (1924). If the death of the maker is the only event that divests the maker of property by allotting those rights to others, that instrument is testamentary in character. *Id.* at 224.

The classification of life insurance designations is analogous to pension designations. "The designation of an insurance beneficiary is quasi-testamentary in nature, since the beneficiary has only an inchoate right prior to the death of the insured, at least where the insured retains the right to change the beneficiary." *Francis v. Francis*, 89 Wn.2d 511, 514, 573 P.2d 369 (1978). *See also* Harry M. Cross, *The Community Property Law in Washington (Revised 1985)*, 61 WASH. L. REV. 13, 84 (1986) (stating that an insurance beneficiary designation is testamentary in nature).

Another clear example of a testamentary instrument is a will. A will has " 'no operation during the party's lifetime, and disposes or attempts to dispose of his property at his death, and not before.' " *In re Estate of Murphy*, 193 Wash. 400, 409, 75 P.2d 916 (1938) (quoting 68 C.J. 619, § 238). The plan of distribution, as well as the designation of distributees, are revocable by the testator. Because the power over the designated property is inherent in the power to revoke the designation of a beneficiary, the designating party still retains the power of disposition, which is to say he still has ownership of the property.

Because the maker of a will and the designator of an insurance policy still retain ownership over their property, the beneficiaries have only a contingent interest in that property. Their interest is conditioned upon their continued

status as beneficiaries until the time of the maker's or designator's death, which is uncertain. *See* BLACK'S LAW DICTIONARY 392 (4th ed. 1968). If a party is removed as a beneficiary before the time of death, his interest ceases. *See Francis*, 89 Wn.2d at 514 (noting that the beneficiary of an insurance policy has only an inchoate right prior to the death of the insured).

As with a will and an insurance policy, the beneficiaries of John's pension plan had only a contingent interest in its proceeds. John's retirement plan allowed him to change his designation of beneficiaries and did not give the beneficiaries any present interest in his account unless he died prior to retiring. The form stated, "I hereby reserve the right to change the beneficiary, or beneficiaries, at any time by filing written notice of such change, duly acknowledged, with the retirement board." The beneficiaries could not know either the certainty of their interest or the quantum of their expected gain because the date of John's future death was unknown. Whether their interest would vest was certain only at the date of John's death. Therefore, the designation was ambulatory.

The McNultys rely on a memo written to the parties, at their request, by an attorney for the Department explaining its reason for applying the insurable interest requirement at the time of designation.

The Department relies on a seemingly similar, but legally distinguishable case. The court in *Teed v. Brotherhood of Am. Yeomen*, 111 Wash. 367, 190 P. 1005 (1920) held that when an insurable interest was required, a life insurance policy beneficiary designation that was valid at the time of designation remained valid even though an intervening statute made the beneficiary's interest no longer insurable. *Id.* at 370.

The question before us, however, is quite different. *Teed* concerned whether subsequent legislation may deprive a designated beneficiary of her interest in a life insurance policy. We are asked to determine what law controls the most recent designation.

■ Because beneficiaries to a revocable and ambulatory retirement plan acquire no legal interest until the designating employee dies, it is at that date that their interest can be legally scrutinized under the prevailing law. Although the statute in effect at the time that John initially designated Estrada required that Estrada have an insurable interest, the relevant statute was the one that was in effect at his death. The new version of RCW 41.40.270(1)(b) was in effect on the date John died and therefore controls John's designation. That statute contains no insurable interest requirement. Thus, as a quasi-testamentary disposition, John's designation of Estrada is valid and we uphold the designation as a matter of law.

Attorney Fees

■ Estrada contests the trial court's award of attorney fees to Justin McNulty's guardian ad litem, Charles Brown. The standard of review for an award of attorney fees is an abuse of discretion. The trial court must provide an adequate record upon which to review a fee award. *Mahler v. Szucs*, 135 Wn.2d 398, 435, 957 P.2d 632 (1998).

The only argument that Estrada offers respecting the trial court's authority to award Justin's guardian ad litem fees is that RCW 11.92.180 does not apply to guardians ad litem.[2] Estrada maintains that RCW 11.92.180 applies only to guardians of the person, guardians of estates, and limited guardians.

Guardians ad litem, however, do fall into this category. *In re Estate of Tolson*, 89 Wn. App. 21, 39, 947 P.2d 1242 (1997) (stating that "RCW 11.92.180 . . . relate[s] specifically to compensation of guardians, limited guardians, and guardian ad litems."). Furthermore, the statute requires guardians who are also attorneys to separately account for their services as guardians and for their services as attorneys. RCW 11.92.180.

In his motion for guardian ad litem fees, Brown gave the

---

[2]Estrada does argue that the trial court did not have authority to invade estate funds once it had awarded the funds to John's estate. But because she cites no authority for her position, we decline to address it on appeal.

trial court only a flat fee amount. Although the amount may be reasonable, it is impossible to review its reasonableness without adequate findings concerning the basis of the fee. Because the trial court did not provide a basis for its award of attorney fees, the fee award is vacated and that issue is remanded to the trial court for entry of findings in support of the fee award.

Because we hold that John's pension designation was quasi-testamentary, his designation of Estrada meets the requirements of RCW 41.40.270(1)(a) and she is entitled to the pension funds. Accordingly, we direct those funds to be distributed to Estrada.

WEBSTER and BAKER, JJ., concur.