IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SAMIR RATHOD and DARSHANA RATHOD, husband and wife,<br><br>          Plaintiffs,<br><br>          v.<br><br>FEELY INDUSTRIES, LLC, d/b/a TRUE CUSTOM CABINETRY, a Washington limited liability company; TGC INCORPORATED, a Washington corporation; and RLI CORP. d/b/a CBIC, an Illinois corporation,<br><br>          Defendants. | No. 87574-4-I<br><br>DIVISION ONE |
| BUILDERS' INSULATION OF OREGON, LLC, an Oregon limited liability company,<br><br>          Respondent,<br><br>          v.<br><br>JEFF HALLSTROM CONSTRUCTION, INC., a Washington State corporation,<br><br>          Defendant. | UNPUBLISHED OPINION |
| JEFF HALLSTROM CONSTRUCTION, INC., a Washington State corporation,<br><br>          Third-Party Plaintiff/Counter-Defendant,<br><br>          v.<br><br>SAMIR RATHOD AND DARSHANA RATHOD, And the Marital Community Composed Thereof,<br><br>          Appellants. | |

JEFF HALLSTROM CONSTRUCTION, INC., a Washington corporation,

Plaintiff,

v.

SAMIR RATHOD AND DARSHANA RATHOD, and the Marital Community Composed Thereof,

Defendants.

NORCO FIRE PROTECTION, INC., a Washington corporation,

Plaintiff,

v.

SAMIR RATHOD AND DARSHANA RATHOD, and the Marital Community Composed Thereof,

Defendants.

SAMIR RATHOD AND DARSHANA RATHOD, and the Marital Community Composed Thereof,

Counter-Plaintiffs/Third-Party Defendants,

v.

NORCO FIRE PROTECTION, INC., a Washington corporation; and WESTERN SURETY CO., a South Dakota corporation,

Counter-Defendants/Third-Party Defendants.

BOWMAN, A.C.J. — Builders' Insulation of Oregon LLC sued Samir and Darshana Rathod for breach of contract. After a consolidated bench trial, the

court ruled for Builders.  The court entered judgment against the Rathods for $29,400 and awarded Builders $268,429 in attorney fees and costs.  The Rathods appealed.  We reversed and remanded the award of attorney fees.  On remand, the trial court awarded Builders $229,441 in attorney fees and costs.  The Rathods again challenge the award.  Because the trial court did not abuse its discretion, we affirm, and award Builders attorney fees and costs on appeal.

FACTS

In August 2018, the Rathods hired Builders to insulate their home.  The parties agreed on a price of $29,400.  Builders fully completed the work but the Rathods refused to pay.  In October 2019, Builders sued the Rathods for breach of contract and other related claims.[1]  The Rathods moved to consolidate Builders' lawsuit with several other pending actions related to the same construction project.  Builders opposed the motion but the trial court granted the Rathods' request.

In March 2022, the consolidated cases proceeded to a five-week bench trial.  The court concluded that the Rathods and Builders executed a valid contract for services in the amount of $29,400 and that the Rathods breached the contract by refusing to pay for completed work.  Builders then moved for an award of attorney fees and costs.  The trial court awarded Builders $268,429 in attorney fees and entered a judgment against the Rathods for $29,400 plus interest and the attorney fees.

---

[1] Builders first sued Jeff Hallstrom Construction Inc. for the breach of contract claim but later amended its complaint to include the Rathods.

3

The Rathods moved for reconsideration of the attorney fee award. The trial court denied the motion and entered written findings in support of the award. It found:

1. The Rathods were in clear breach of the relevant contract, which included attorney's fees provisions, and clearly failed to pay Builders.
2. It was uncontroverted that the Rathods moved to consolidate and thus complicate this matter vis-à-vis Builders in Superior Court, while Builders sought to simplify the matter.
3. It was uncontroverted that Builders sought to resolve this matter prior to trial preparation.
4. It was uncontroverted that Builders was thus required to attend the entirety of the five-week trial, in part because of the Rathods' scattershot approach to trial testimony presentation.
5. Builders appeared to try to limit its costs nonetheless, including by having only one attorney attend trial at a time.
6. Builders costs were reasonable under the Lodestar method.

The Rathods appealed. They argued the trial court erred by concluding that the parties executed a valid contract and that the court's award of attorney fees was unreasonable. We affirmed the trial court's ruling that the parties executed a valid contract but reversed and remanded the fee award. *Rathod v. Feely Indus., LLC*, No. 84256-1-I, slip op. at 16, 19 (Wash. Ct. App. July 31, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/842561.pdf. We explained:

> The total amount billed for both [Builders] attorneys on the days they both attended trial is $77,976. While the record suggests that total amount is not reflective of just trial attendance, it is not an insignificant amount and the trial court based its award of attorney fees, at least, in part on a fact not supported in the record. The trial court abused its discretion in awarding attorney fees for this reason.

*Id.*, slip op. at 19. Because we reversed the fee award on that basis, we declined

4

to consider the Rathods' alternative arguments challenging the reasonableness of the fees. *Id.*, slip op. at 18-19.

On remand, the superior court assigned the case to a different judge. Builders again sought the $268,429.00 it incurred as fees and costs before the Rathods' first appeal. But it also sought an additional $76,663.42 for fees incurred in related causes of action arising after the appeal. Those fees included work on the Rathods' bankruptcy action and collecting on the underlying judgment. In support of their request, Builders submitted declarations from its attorney, billing records, previous filings with the court, and the opinion from this court remanding the fee award.

The Rathods challenged the renewed attorney fee request, arguing that the request was unreasonable because Builders worked too many hours for a simple and uncomplicated case, Builders continued to bill for work even after announcing they were ready for trial, the amount of fees requested was disproportional to the judgment, and Builders again requested fees for both attorneys who attended trial.

On November 5, 2024, the court considered the documents submitted by both parties and issued findings of fact and conclusions of law in support of an award of attorney fees to Builders. The court agreed with the Rathods that fees Builders incurred after the first appeal were unwarranted, explaining that the parties should address such fees in those causes of action and not on remand. And it agreed that Builders' request for fees for two attorneys during trial was

5

unreasonable. It found that

> [n]othing before this Court cures the concerns expressed by the Court of Appeals, for instance, the record on remand does not provide evidence to show the attorneys segregated hours spent attending the trial or spent on duplicative services.

And that "[b]ecause these hours have not been segregated," the court found "it appropriate to award Builders half the $77,976[.00] at issue or $38,988.00. This reduces Builders' fee award by $38,988.00."

The court rejected the rest of the Rathods' arguments. In doing so, it explained that the "remaining hours expended are supported by [the prior court's] findings as well as the RPC 1.5(a) factors." The court then awarded Builders $229,441 in attorney fees and costs.

The Rathods appeal.

ANALYSIS

The Rathods argue the trial court abused its discretion by awarding Builders unreasonable attorney fees. We disagree.[2]

1. Attorney Fees in the Trial Court

We review an award of attorney fees for an abuse of discretion. *Estrada v. McNulty*, 98 Wn. App. 717, 723, 988 P.2d 492 (1999). A trial court abuses its discretion when its decision is based on untenable grounds or reasons. *Berryman v. Metcalf*, 177 Wn. App. 644, 657, 312 P.3d 745 (2013). The burden of showing that a fee is reasonable rests with the fee applicant. *Id.*

---

[2] Builders requests attorney fees and costs on appeal.

Generally, Washington courts apply the "lodestar method" to calculate attorney fees. *Mahler v. Szucs*, 135 Wn.2d 398, 433, 957 P.2d 632 (1998). To arrive at a lodestar award, the court first considers the number of hours reasonably expended on the case. *McGreevy v. Or. Mut. Ins. Co.*, 90 Wn. App. 283, 291, 951 P.2d 798 (1998). To this end, the attorney must provide reasonable documentation of the work performed, including the number of hours worked, the type of work performed, and the attorney who performed the work. *Id.* at 292. The court should discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time. *Id.* When discounting fees, courts can use a generalized percentage reduction when "the specifics of the case make segregating . . . hours difficult." *See Clausen v. Icicle Seafoods, Inc.*, 174 Wn.2d 70, 81-83, 272 P.3d 827 (2012) (holding that a 10 percent reduction in fees was not an abuse of discretion where there was difficulty segregating hours).

Next, the court determines whether the hourly fee charged was reasonable. *McGreevy*, 90 Wn. App. at 291. When attorneys have an established rate for billing clients, that rate is likely a reasonable rate. *Id.* at 293. The usual rate is not, however, conclusively a reasonable fee. *Id.* The court may also consider the attorney's level of skill, reputation, local rates charged by attorneys with similar skill and experience, or other factors relevant to the desirability and difficulty of the case. *Id.* The court then multiplies the reasonable hourly rate by the number of hours reasonably expended on the matter. *Id.* at 291.

Courts must take an active role in assessing the reasonableness of attorney fee awards and should not treat cost decisions as a " 'litigation afterthought.' " *Berryman*, 177 Wn. App. at 657 (quoting *Mahler*, 135 Wn.2d at 434). While the court does not need to "deduct hours here and there just to prove to the appellate court that it has taken an active role in assessing the reasonableness of a fee request," it must issue findings of fact and conclusions of law that "do more than give lip service" to the word "reasonable." *Id.* at 658. The findings and conclusions must be "sufficient to permit a reviewing court to determine why the trial court awarded the amount in question." *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 144, 331 P.3d 40 (2014). And they must show how the court resolved disputed issues of fact and explain the court's analysis. *Berryman*, 177 Wn. App. at 658. The court may use the factors enumerated in RPC 1.5(a) as a guideline for determining reasonable attorney fees. *Allard v. First Interstate Bank of Wash., N.A.*, 112 Wn.2d 145, 149-50, 768 P.2d 998 (1989).[3]

---

[3] The RPC 1.5(a) factors include:

(1) [T]he time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent; and (9) the terms of the fee agreement between the lawyer and the client, including whether the fee agreement or confirming writing demonstrates that the client had received a reasonable and fair disclosure of material elements of the fee agreement and of the lawyer's billing practices.

The amount of the claimed damages in relation to the fees requested is a " 'vital' " consideration in the lodestar method. *Berryman*, 177 Wn. App. at 660 (quoting *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 150, 859 P.2d 1210 (1993)). But we " 'will not overturn a large attorney fee award in civil litigation merely because the amount at stake in the case is small.' " *Id.* (quoting *Mahler*, 135 Wn.2d at 433). The court may award fees in excess of the damages if the facts of the case warrant it. *See Mayer v. City of Seattle*, 102 Wn. App. 66, 83, 10 P.3d 408 (2000) (holding that the trial court did not abuse its discretion by awarding $274.302.05 in attorney fees when the underlying damages were $26,314.00).

Here, the record shows that on remand, the court actively evaluated the reasonableness of Builders' fee request. It reviewed the declarations and exhibits submitted by both parties, including the attorney billing records. And it issued findings addressing both parties' arguments and conclusions explaining its decision. The court rejected Builders' request for fees it incurred in related causes of action after the first appeal, finding that it should address those fees through those causes of action. And it determined that Builders' request for fees incurred from both attorneys present at trial was unsupported by the record. So, it reduced those fees by 50 percent.[4] Then, adopting the findings of the previous

---

[4] The Rathods argue that the court's decision to reduce those fees by 50 percent was "arbitrary, capricious, and an abuse of discretion" because the court overlooked the "difference in billing rates between" the two Builders attorneys. But, as discussed, courts can use a generalized percentage reduction when the specifics of the case make segregating difficult, as they do here. *See Clausen*, 174 Wn.2d at 81-83. The court's decision to reduce the amount by half was not an abuse of discretion.

judge, it concluded that the remaining fees incurred by Builders were reasonable.[5]

The Rathods argue the fee award was unreasonable because Builders billed too many hours of work for a simple, uncomplicated case. But the court explained that the circumstances of the case warranted the extra work because the Rathods unnecessarily complicated the case, refused Builders' settlement offer,[6] and insisted on a consolidated trial. And while Builders' claim was a small part of the overall litigation, the Rathods' "scattershot approach to trial testimony" compelled Builders to attend the entire five-week trial.

The Rathods also argue Builders' fee request is unreasonable because Builders continued to bill for time after the parties announced they were ready for trial in April 2021. But the record shows that after April 2021, the Rathods continued to file motions to which Builders had to respond; they filed revised expert reports, requiring Builders to schedule more depositions; and Builders

---

[5] The Rathods argue that Builders failed to meet its burden because it merely gave "lip service" to "the factors articulated in RPC 1.5(a)." But our Supreme Court has indicated that a court "may" use the factors enumerated in RPC 1.5(a) as guidelines in fashioning fee awards. *Allard*, 112 Wn.2d at 150. In any event, the court here articulated that it considered the RPC 1.5(a) factors.

[6] The Rathods argue ER 408 precludes the court from considering evidence related to settlement in an award of attorney fees. Under that rule, evidence of

> (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount [in a civil case].

But here, the court did not consider the evidence to show liability for Builders' claim. So, ER 408 does not apply.

moved for summary judgment. The Rathods fail to explain why Builders is not entitled to fees incurred from that work.[7]

Finally, the Rathods argue the court abused its discretion because the amount of fees comes to 10 times the amount of the judgment itself. But disproportionality is just one factor the court considers when awarding fees using the lodestar method. *See Berryman*, 177 Wn. App. at 660. When, as here, the circumstances warrant the fee under lodestar, the fee is reasonable despite the disproportionality.

## 2. Attorney Fees on Appeal

Builders requests attorney fees and costs on appeal. Under RAP 18.1(a), we may award attorney fees on appeal if "applicable law grants to a party the right to recover reasonable attorney fees." And a party is entitled to an award of attorney fees if a contract, statute, or recognized ground of equity permits recovery of attorney fees at trial and the party is the substantially prevailing party on appeal. *Hwang w. McMahill*, 103 Wn. App. 945, 954, 15 P.3d 172 (2000).

Builders' final bid to Rathod served as their contract. The bid stated that payment was due within 30 days of the invoice date and that Builders "shall have the right to recover reasonable attorney's fees and expenses associated with the collection of invoices not paid in full within such 30-day period." Because Builders prevails on appeal, it is entitled to attorney fees and costs under the

---

[7] For the first time on appeal, the Rathods challenge the reasonableness of several tasks for which Builders sought fees. Because they did not raise these issues to the trial court, we decline to address them. RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court.").

language of the final bid. Accordingly, we award Builders attorney fees and costs on appeal subject to compliance with RAP18.1.

Because the trial court did not abuse its discretion in awarding Builders fees, we affirm the award of attorney fees below, and award Builders attorney fees and costs on appeal.

_____, ACJ

WE CONCUR:

_____, J.            _____, J.